[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 249 
The question in this case is, whether the plaintiff can sustain an action for the second instalment of the purchase money secured by the agreement, without averring and proving the delivery, or an offer to deliver a deed of the premises. *Page 250 
The parties have declared that certain payments were to be made, and certain acts performed by them respectively, at the times specified in the agreement. They must be held to have intended the performance of these acts, when, and of course in the order of time indicated in their covenants. The plaintiff was to give the defendant possession on the first of November, 1845. The performance of this requirement preceded any thing to be done by the defendant, and it might consequently have been enforced without any offer upon the part of the defendant; but if no possession had been given, the plaintiff could not have recovered the two hundred dollars to be paid by the vendee on the first of April, 1846.
The possession, however, was given, and the first two hundred dollars paid, and on the first of May, 1846, the vendee was entitled to his deed, as the thing next to be done in the order prescribed by the parties in their agreement. It was not executed, nor a willingness to execute it either averred or proved. The payment of the two hundred dollars for which the suit is brought, was fixed upon a day subsequent to that agreed upon for the delivery of the deed. The case is therefore brought directly within the letter and spirit of the second rule suggested by Sergeant Williams in his note to Pordage v.Cole, (1 Saund. 320, b,) that, "when a day is appointed for "the payment of money, c., and the day is to happen after "the thing which is the consideration is to be performed, no "action for the money can be sustained without averring performance."
The plaintiff relies upon the third rule of Sergeant Williams in his note to the case above cited, that, "where a covenant "goes only to a part of the consideration on both "sides, and a breach of such covenant may be paid for in "damages, it is an independent covenant, and an action may "be maintained, without averring performance." The rule is not free from obscurity. It was given by Lord Mansfield originally in Boone v. Eyre, (1H. Bl. 273, note a.) The defendants in that suit, after having received a conveyance of *Page 251 
the equity of redemption of a plantation, and the negroes upon it, when sued for a part of the consideration, set up a breach of a collateral covenant on the part of the plaintiff, relating to the title and possession of the negroes, in bar of the action. The warranty extended both to the estate and negroes. (4 Mees. Welsb. 311.) The covenant of the plaintiff, it will be perceived, embraced the whole and every part of the subject conveyed. If the title failed to a single negro, or the defendant was evicted from an acre of the land, the covenant was intended to afford redress, and enable a jury to apportion the damages according to the agreement of the parties. A "breach of the plaintiff's covenant might be paid for in damages," "because a failure of title as to any part of the consideration could be compensated according to the standard fixed by the parties. In other words, the consideration for the defendant's promise was divisible, and the damages arising from a breach of the covenant of warranty were apportioned to each parcel of that consideration, by the agreement itself. This, it is supposed, is what is meant by the expression above quoted, that the breach may be paid for in damages. (5 Mees. Welsb. 701.) Accordingly it is stated in the note to Pordage v. Cole, (supra,) that, "when the consideration for the "payment of the money is entire and indivisible, so that the "money payable is neither apportioned by the contract, nor "capable of being apportioned by a jury, an action is not "maintainable."
The doctrine is thus stated in Chanter v. Leese, (4 Mees. Welsb. 311.) "The party contracting to pay his money, is "under no obligation to pay for a less consideration than that "for which he has stipulated. If, indeed, he does accept a "partial performance, and to a certain extent enjoys the benefit "of that for which he has stipulated, it may become a "question whether he may not be liable upon an implied contract "to pay for what he has had. And when the consideration "is in its nature capable of being divided, and the "payment apportioned by the terms of the contract, there *Page 252 
"may be still a right to recover the portion due on the original "contract." This decision was affirmed in the exchequer chamber, (5 Mees. Welsb. 701,) in 1839, and may be considered as the established doctrine in England at that day.
The rule of Lord Mansfield, according to its original application, and as expounded in the decision above mentioned, is reasonable. It brings us back to the contract to learn the intention of the parties. Courts are not required to speculate upon the inequality of loss to the parties, or to look beyond the agreement to its performance, in order to ascertain its character, as suggested by some judges and commentators. (1Saund. 320, a.) These inquiries are proper where the question arises, whether the plaintiff has any remedy for what he has done, or parted with, or whether the defendant is not estopped by his acts subsequent to the agreement, from insisting upon a condition precedent in his favor. Much of the confusion in the books, it is believed, arises from confounding the doctrine of waiver by matters ex post facto, with a rule of construction applicable to the agreement as it came from the hands of the parties. (Havelock v. Geddes, 10 East, 555.) A defendant may waive the performance by the plaintiff, in case of a covenant clearly dependent, and thus render himself liaable in some form of action, (Mitchell v. Darthez, 2 Bing. N.C. 555; Lucas
v. Godwin, 3 id. 737,) but it is only when the consideration is divisible, and the payments are apportioned by the agreement to the different parts of the consideration, that the covenant becomes independent, and a recovery can be had upon the original contract without averring performance, or an excuse for non-performance.
A covenant, therefore, which goes only to a part of the consideration, is not necessarily independent. Nor is it conclusive upon this point that the consideration is divisible in its own nature, or that a part of it has been received by the defendant; nor will the circumstance that one or any number of covenants in an agreement are independent, render others so. InChanter v. Leese, (5 Mees. Welsb. 311,) the *Page 253 
agreement was, that the defendants should have the exclusive use and sale of six different patents, and they were to pay £ 400 in half-yearly payments, for one of which payments the action was brought. The defence was a failure of title as to one of the patents. The grant of the exclusive right was an independent covenant, which the defendants could have enforced without any averment; the consideration for the undertaking of the defendants was divisible in its own nature. The undertaking upon which the action was brought, went only to a part of the consideration to be paid; and the court remarked, that although it had appeared affirmatively that the other five patents had been enjoyed by the defendants, the plaintiff could not have recovered on the contract. Terry v. Duntze, (2 H. Bl. 389,) which was followed in our supreme court in Sears v. Fowler, (2 J.R. 272,) in Havens v. Bush, (id. 387,) and in Wilcox v. TenEyck, (5 id. 77,) to the contrary, is not law in this state or in England. The two cases in 2 J.R. were expressly overruled inCunningham v. Morrell, (10 J.R. 203,) and the court inWilcox v. Ten Eyck, observe, that that case could not be distinguished from Sears v. Fowler.
The decision in Bennett v. Pixley, (7 J.R. 249,) is placed by the court on the same ground with that of Sears v.Fowler, and Terry v. Duntze, and the reasoning of the court in that case is overruled by Cunningham v. Morrell, and byDey v. Dox, (9 Wend. 129.) The case, I think, should be classed with Campbell v. Jones, (6 T.R. 570,) andTompkins v. Elliott, (5 Wend. 496,) all of which fall within the principle of the first rule in Saunders, "that if a day be appointed for the "payment of money, or part of it, or the doing of any other "act, and the day is to happen, or may happen, before the "thing which is the consideration of the money, or other act, "an action may be brought for the money, or for not doing "such other act before performance," c. (1 Saund. 320,a.) The decisions in Term R. and in Wendell, were placed distinctly upon that ground, (6 J.R. 572; 5 Wend. 499;) and what fell from Lord Kenyon and Judge Savage, beyond a *Page 254 
mere recognition of the rule laid down by Lord Mansfield, was no way necessary to the determination of those cases. The judgments were unquestionably correct for other reasons assigned by those judges.
The question then returns, was the consideration in this case divisible, and were the payments apportioned by the agreement to the different parts of the consideration within the principles above stated? According to the contract, the $950 to be paid by the defendant, as therein stipulated, was the entire consideration for a complete title to the premises. The possession was incident to the title, the whole of which the defendant was to receive as the consideration for his payments. He received one element of a complete title, to wit, the possession, on the first of November, 1845. He then paid on the first of the following April, all that he was to advance by the terms of the agreement, until the fee should be added to the possession by a conveyance from the plaintiff, and the title of the defendant be then perfected. The plaintiff refuses or neglects to convey, and yet by this action claims the purchase money of the defendant.
If we assume that the consideration of the defendant's undertaking was divisible, yet by the terms of the agreement he was to receive both the possession and a deed of the premises before he could be called upon for the payment of the instalment in controversy. These things were "to be done to "him," according to the rule of Lord Holt, adopted in 10 J.R. 206. He was not to trust to the personal responsibility of the plaintiff. (9 Wend. 134.) The plaintiff had covenanted that the thing stipulated should be performed before the defendant could be required to pay. Nor by the contract were the payments to be made by the defendant apportioned to any particular part of the consideration. He was not to pay any thing for the possession as distinguished from the fee of the land, but a gross sum for both by separate instalments. If he had refused to accept a deed, all that the plaintiff could have recovered would have been the balance of the purchase money *Page 255 
with interest. On the contrary had the plaintiff refused to convey, the recovery on the part of the defendant would have been confined to the difference between the contract price and the actual value of the land with interest. In a word, the covenant sought to be enforced against the defendant in this action, went to the whole consideration on the other side, and depended on it.
The judgment of the supreme court should be reversed.