## BEECHER *against* CONRADT.

Where, by a contract under seal, the plaintiff agreed to convey land to the defendant, on condition that he should pay the purchase price as therein specified, and the defendant covenanted to pay the same in five equal annual installments; and the defendant having omitted to pay any of the installments, the plaintiff, after they were all due, brought an action on the contract for the whole of the purchase money; *Held*, that he was not entitled to recover any part of it, without proving an offer before suit brought to convey the land to the defendant on receiving the purchase price.

When the last installment came due, the payment of the whole of the unpaid purchase money and the conveyance of the land became dependent acts.[1]

ACTION commenced in the supreme court, in 1851, to recover the amount agreed to be paid by the defendant in and by the contract hereinafter mentioned. The complaint alleged the making of the contract; that it had been duly transferred to the plaintiff; that the party of the first part to the contract and the plaintiff, had always fulfilled and kept all things therein contained on their part to be performed; that the defendant had neglected to pay the amount agreed to be paid by him; and that the whole amount of the principal and interest, named in the contract, was due and unpaid, and judgment for this amount was demanded. The answer put all the allegations of the complaint in issue. The cause was tried at the Oneida county circuit, held by Mr. Justice Gridley. The plaintiff read in evidence the contract mentioned in the complaint. It was dated the third day of January, 1839, and executed by Abraham Varick, as surviving executor of the will of one Walker, deceased, as party of the first part, and by the defendant as party of the second part. By the terms of this contract the party of the first part, in consideration of one cent to him paid, and upon the express condition that the party of the second part shall, and do well and faithfully perform the covenants hereinafter mentioned, and to be performed

---

[1] And see *James v. Burchell*, 82 N. Y. 108; s. c. 7 Daly 531.

on his part," covenanted for himself and his assigns to execute and deliver to the party of the second part a deed of conveyance in fee, containing covenants of warranty against the acts of the grantor, of and for a parcel of land which was described in the contract.; and the defendant, the party of the second part, covenanted to pay to the party of the first part or his assigns " the sum of three hundred and ninety-six dollars in five equal annual payments. with interest annually on all sums unpaid."   The plaintiff further proved that the land mentioned in the contract was conveyed, and the contract assigned to him in December, 1850, and rested.  Thereupon the counsel for the defendant moved the court to nonsuit the plaintiff, on the ground, among others, that inasmuch as the action was brought to recover the whole amount of the purchase money, after the same had become due by the contract, the plaintiff could not recover without proving that he tendered a con veyance of the land, or offered to convey the same to the defendant before the commencement of the action.   The court overruled the objection, refused to nonsuit the plain-tiff, and decided that he was entitled to recover the amount of the purchase money mentioned in the con-tract.  The counsel for the defendant excepted.  The judg ment, rendered at the circuit, was affirmed by the supreme court at a general term, held in the 5th district.   The defendant appealed to this court.

*Samuel Beardsley*, for the appellant.

*Charles A. Mann*, for the respondent.

GARDINER, C. J.   The plaintiff has neither averred nor was there proof of any other breach of the contract upon the part of the defendant, except the non-payment of the pur-chase-money.  The plaintiff had a right to sue for each in-stalment, as they severally became payable; but this right he has waived, and now seeks to recover the whole purchase

money in this action, without an averment or proof of a tender of a conveyance, or a readiness or willingness to convey. It is not denied by the court below, that if the several payments had been made as they fell due, and the suit had been commenced for the last installment alone, that the plaintiff must have made such an averment and sustained it by proof, if questioned; the point is too plain to admit of discussion. It is, however, said that a right of action accrued as the installments became payable, which the non-performance of the plaintiff would not discharge. This doctrine assumes a right, upon the part of the plaintiff, to divide his cause of action into as many suits as there were installments. The first answer to this suggestion is, that the consideration for the conveyance by the vendor was an entire sum, to be paid by installments; that the whole was due at the commencement of the action, and the plaintiff has sued for the whole purchase money without attempting to distinguish, in his complaint or evidence, between the different installments. The second answer is, that the plaintiff having elected to wait until the fifth and last installment became due, and upon the payment of which, as this case stands, the defendant would be entitled to a deed, cannot now sustain his action for either installments, without proof of performance or readiness to perform on his part. The covenants, as to the four first installments, were originally independent; but the plaintiff, by his omission to insist upon a strict performance by the defendant, has lost the right to bring more than one suit for the money, which formed the consideration for his conveyance. The defendant, by a tender of the whole, which he has now a right to pay, would be entitled to his deed. The plaintiff, on the other hand, must establish his right to the consideration as an entirety, or he cannot recover anything. If he recovered in this action but $50, the judgment would be a complete bar to any further claim for the purchase money, and when that judgment was paid the defendant would be entitled to his deed.

The defendant could not protect himself against an action by an offer to pay the first, or all of the four first installments; as the consideration was entire, and all due, the plaintiff could insist upon the whole. And yet, if because the covenants were originally independent they must always continue so, the defendant must have the right to discharge by payments what the plaintiff could enforce by action.

The truth is, the parties, by lapse of time, are in the same situation as though the purchase money was all payable at one time. The defendant has lost his right to pay the installments separately, and the plaintiff his right to enforce collection by separate suits. There is but a single cause of action, one and indivisible. The defendant, if he would obtain his deed, must pay all; and the plaintiff, if he would recover, must show such a performance on his part as would entitle him to all the unpaid consideration. The condition attaches to the whole debt and every part of it. The judgment of the supreme court should be reversed, and a new trial ordered.

DENIO, JOHNSON, MARVIN and DEAN, JJ., concurred.

CRIPPEN, J. (Dissenting.) The first and fifth grounds on which the motion for a nonsuit was asked may properly be resolved into one and considered together, as they both present the same identical question. If the plaintiff was bound to prove the tender of a deed, or an offer to give such a deed to the defendant as the contract called for, prior to bringing his action to recover the purchase money, then he failed to maintain the action, and the court in that event erred in refusing the nonsuit. In order to determine this question, it will be necessary to refer with care to the terms of the agreement between Varick, the trustee, and the defendant. By this contract Varick agreed to convey lot No. 3 in Walker's patent, on the condition of a full and

faithful performance of all the covenants contained in the contract to be performed by the defendant. On the part of the defendant, the first covenant made by him was that he would pay the trustee, Mr. Varick, his heirs or assigns, the just and full sum of $396 in five equal annual payments, with interest annually on all sums unpaid. The contract bears date on the 3d day of January, 1839; consequently, the last annual payment became due on the 3d day of January, 1844. This covenant of the defendant is not made to depend on any contingency or act of the other party, or of any condition to be found in the contract. When then, let us inquire, did the defendant become entitled to the deed of said premises? The parties, by the plain language of the contract, have said that the defendant shall be entitled to such deed on the express condition that he shall pay the sum of $396, in five equal annual payments from the 3d day of January, 1839, with annual interest. It is not easy to mistake the meaning of parties when they use language so plain and emphatic in making their contracts.

The defendant, most clearly, was not entitled to a deed when the first, second, third or fourth installments became due, even if they had been punctually paid by him. So, also, in relation to the last installment, the time for its payment was fixed by the agreement; when the time arrived the money became due and payable from the defendant No act was agreed to be performed on the part of the trustee or the plaintiff as assignee of the contract, in order to entitle him to the money due on the last payment. The premises were to be conveyed on the express condition of the payment of the whole amount of the purchase money.

No act whatever was agreed to be done by the trustee to entitle him to the money; or, in other words, the defendant agreed that he had no right to call for a conveyance except upon the express condition that he paid the whole amount of the purchase money. The case is clearly distinguishable from that of *Grant* v. *Johnson* (1 *Selden*, 247). In that case

Beecher *against* Conradt.

the contract did not require the defendant to pay the whole amount of the purchase money before obtaining a deed. He was entitled, by the terms of the agreement, to receive both the possession of the premises and a deed thereof before he could be called upon for the payment of the installment in controversy in that action. Not so in the case at bar; and in this particular the cases are manifestly and clearly different. The defendant in this action had no right to ask for a deed, except upon the express condition that he first paid the full amount of the purchase money. I have not been able to find any adjudged case conflicting with the plaintiff's right to recover, in this action, the amount due upon the contract.

The judgment should be affirmed.

HAND, J. (Dissenting.) I am of the opinion that the covenants to pay the purchase money and to convey the land are independent. The defendant agreed to pay the purchaser money, and at certain specified times; and the vendor agreed to convey "upon the express condition" that he did so. No suit was commenced until all of the purchase money became due. But that circumstance did not make the covenants dependent which before were independent. Where the last payment and the conveyance are to be simultaneous acts, and the prior payments have not been made, in a suit for the ·purchase money, a performance, or an offer to perform, is necessary. (*Johnson* v. *Wygant*, 11 *Wend.*, 48; *Grant* v. *Johnson*, 1 *Seld.*, 247.) But that is not this case as I understand this contract. The payment of all the purchase money was a condition precedent to the right of the defendant to demand a conveyance. Having covenanted absolutely to pay certain sums at the expiration of certain fixed periods, and the vendor having promised a deed on condition that the payments were made, the clear intention of the parties must have been that payment of all the money should precede the conveyance. There was

no duty for the vendor to perform until the vendee had performed all the covenants on his part. By inserting the word " condition" or " *sub conditione*," a condition is created. (10 *Co.*, 42 *a.*; 2 *Bac. Abr., Condition,*(*A.*); *Platt on Cov.*, 72.) " Upon condition," is an expression from which a condition precedent usually arises. (*Platt on Cov., supra.*) The agreement here was not merely to convey "upon" payment being made, but " upon the express condition" that the vendee should perform ; while the covenant to pay is without condition. And besides, the meaning of the words " upon condition," has been settled by construction, which should not be disturbed.

For this reason I think the judgment should be affirmed.

Judgment reversed.