Charles H. Eddy et al., Appellants, *v.* Alvin Davis,
Respondent.

While the formal requisites of a tender of performance of a contract may
be waived, to establish a waiver there must be an existing capacity to
perform.

Where, in an executory contract for the sale of real estate, the vendee
covenants to pay installments of the purchase-money before the time
fixed for the delivery of a deed, these covenants are independent and the
vendor may sue for such installments when due without tendering a
conveyance; but after that time conveyance and payment become depend-
ent and concurrent acts; and an action is not maintainable to recover
any part of the purchase-price without proof of tender of a conveyance
before suit brought.

Where the vendor has, subsequent to the execution of the contract
become unable to convey a substantial portion of what he has
agreed to sell, he cannot make a valid tender of performance; and,
therefore, cannot, after the time fixed for delivery of the deed, recover
installments remaining unpaid upon the contract.

Plaintiffs contracted to sell and convey to defendant certain premises, upon
which was a building occupied as a store, and "to keep open a right of
way back of said store," for $1,600, payable in annual installments.
On payment of $800 of the purchase-price, as stipulated, they agreed to
deliver a "good and sufficient" deed. At the time the contract was
made plaintiffs owned other adjoining lands over which access could be
had from the street to the rear of the premises. Soon after they sold
such adjoining land without any reservation of a right of way. In an
action brought after the time fixed for the delivery of the deed to
recover installments then due, the court found that the right of way was
necessary to the proper enjoyment of the store; that the parties
intended that such way should be conveyed with the premises, and that
it constituted one-half of the value of the property. *Held,* that having put
it out of their power to convey the property agreed to be sold, plaintiffs
were not able to make a valid offer of performance; that the fact that
defendant, on being informed before suit brought that plaintiffs were
ready and willing to convey if he was ready to pay, replied that he could
not pay and desired to give up the property, was not a waiver of tender
of a deed; and that, therefore, plaintiffs were not entitled to recover.

*Robb* v. *Montgomery* (20 Johns. 15) distinguished and questioned.

(Argued June 24, 1889; decided October 8, 1889.)

Appeal from order of the General Term of the Supreme
Court in the third judicial department, made May 4, 1886,
which reversed a judgment in favor of plaintiffs, entered upon

a decision of the court on trial at Special Term and granted a new trial.

The action was brought to recover from defendant unpaid installments alleged to be due upon a contract to purchase land.

By the contract, which was executed March 1, 1875, plaintiff agreed to sell to defendant a lot of land in the village of Westport, upon which there was a brick store, for the sum of $1,600, payable in annual installments varying from $100 to $200.

The contract provided that possession should be given on payment of the first installment, and contained the following provisions: "The party of the second part (defendant) is to have one hundred feet depth of land including the store running east and west, running north and south the width of the store." "The said parties of the first part agree that on receiving the sum of eight hundred dollars at the time and manner above mentioned, that they will execute and deliver to the said party of the second part, at their own proper cost and expense, a good and sufficient deed of said property by the party of the second part giving to the parties of the first part a bond and mortgage on said property for the remaining sum unpaid." "And the said party of the first part agrees to keep open a right of way back of said building." "It is understood that the party of the second part is to put up during the coming year a building on the east end of said store, to cost not less than six hundred dollars."

Defendant paid the first installment under the contract, entered into possession and erected the building called for by the contract. He made other payments in amount about sufficient to pay the interest on the purchase-money. At the time of the commencement of the action two installments, amounting to $300, were not due. At the time the agreement was made the plaintiffs owned other property adjoining the lot sold defendant, on the north, and bounded on the west by the principal street of the village; and over this property access could be had from the street to the rear of defendant's lot.

In June, 1875, plaintiffs sold to one Joseph Hutchings all the rest of the property owned by them, without any reservation of a right of way to defendant's lot, and at the time of the commencement of this action they owned no property over which they could give a right of way to the rear of defendant's store.

Further facts appear in the opinion.

*Richard L. Hand* for appellants. The plaintiffs were entitled to judgment for such portion of the purchase-money as had become due and payable by the terms of the contract, prior to the commencement of the action. (*Paine* v. *Brown*, 37 N. Y. 228; *Adams* v. *Wadhams*, 40 Barb. 225; *Bruce* v. *Carter*, 72 N. Y. 616; *Robb* v. *Montgomery*, 20 Johns. 15, 17, 18; *Harrington* v. *Higgins*, 17 Wend. 376; *Hartley* v. *James*, 50 N. Y. 38, 43.) The tender of a deed was waived by the defendant. (*Paine* v. *Brown*, 37 N. Y. 228, 231; *Selleck* v. *Tallman*, 87 id. 106; *Lawrance* v. *Miller*, 86 id. 131; *Blewett* v. *Baker*, 58 id. 611; *Nelson* v. *Plimpton*, 55 id. 480, 484.) Defendant cannot defend on the ground that the plaintiffs have no title to the premises in question. (*Robb* v. *Montgomery*, 20 Johns. 15; *Harrington* v. *Higgins*, 17 Wend. 376; *Hartley* v. *Jones*, 50 N. Y. 38, 43; *Champion* v. *White*, 5 Cow. 509; *Jenkins* v. *Fahey*, 73 N. Y. 355, 359; *Lewis* v. *McMillen*, 41 Barb. 420; *Pearsall* v. *Frazer*, 14 id. 564; *Tompkins* v. *Elliot*, 5 Wend. 496; *Betts* v. *Perine*, 15 id. 219; *Bruce* v. *Carter*, 72 N. Y. 616; *Bennett* v. *Pixley*, 7 Johns. 249; *Thomas* v. *Kingsland*, 108 N. Y. 616; Fry on Spec. Perf. § 916 [3d Am. ed.] 458; *Martin* v. *Colby*, 42 Hun, 1; *Sage* v. *Truslow*, 88 N. Y. 240; *Morris* v. *Whitcher*, 20 id. 41; *F. L. and T. Co.* v. *Hunt*, 16 Barb. 514.) The facts found in favor of the plaintiff are beyond question or review here. (*Porter* v. *Smith*, 107 N. Y. 531.)

*Chester McLaughlin* for respondent. There was no actionable breach of contract on the part of the defendant. (*Hoag* v. *Parr*, 13 Hun, 95; *Grant* v. *Johnson*, 5 N. Y. 247;

SICKELS—VOL. LXXI.   32

*Beecher* v. *Conradt*, 13 id. 108 ; *James* v. *Burchell*, 82 id. 108 ; *Smith* v. *McCluskey*, 45 Barb. 610 ; *Divine* v. *Divine*, 58 id. 264 ; *Culver* v. *Burgher*, 21 id. 326.) When the $800 became due, plaintiffs, by tendering a conveyance, could have maintained an action for specific performance, or an action at law, for that amount of the purchase-price. (*Beecher* v. *Conradt*, 13 N. Y. 108 ; *Grant* v. *Johnson*, 5 id. 247.) There is a plain distinction between this action, which is at law, and in which a breach of contract must be shown before the commencement of suit, and an action in equity in which the contract and not the breach of it gives the right of action. (*Bruce* v. *Tilson*, 25 N. Y. 194.) Plaintiffs cannot stand on the ground of waiver, as they had not at the time of the offer capacity to perform. (*Holmes* v. *Holmes*, 12 Barb. 137 ; *Lawrence* v. *Miller*, 86 N. Y. 139 ; *Bigler* v. *Morgan*, 77 id. 318 ; *Smith* v. *Sturges*, 108 id. 495.) Plaintiffs cannot maintain their recovery, as there is a failure of title to a material and valuable part of the property contracted to the defendant. (Washburn on Easements, 258.) This is an action for breach of contract, and not in equity for its enforcement. (*Viele* v. *T. & B. R. R. Co.*, 20 N. Y. 184 ; *Tompkins* v. *Haytt*, 28 id. 347 ; *Lewis* v. *McMillian*, 41 Barb. 420 ; *Barwell* v. *Jackson*, 9 N. Y. 535 ; *Smith* v. *Babcock*, 36 id. 169 ; *Smith* v. *Sturges*, 108 id. 502 ; *James* v. *Burchell*, 82 id. 108 ; 8 Cush. 233 ; 16 Mass. 161.)

Brown, J. The trial court found, as conclusions of law, that the defendant " was not entitled to a conveyance of property, or of such right of way until the full sum of sixteen hundred dollars, the consideration provided by said contract, was paid, and that the provision in said contract for deeding the premises to the defendant, upon the payment of eight hundred dollars and interest, was for his (defendant's) benefit, and he could avail himself of it at his option, by paying such money at the times provided in the contract, and demanding a deed and tendering a bond and mortgage ; not having paid or made such demand or tender, and having waived his right.

to make any claim under this provision, as appears in the sixth finding of fact, the contract was to be treated as if it had been omitted, and the action having been brought to recover installments due, no tender of a deed by the plaintiffs was necessary to enable them to maintain this action."

The sixth finding of fact referred to was as follows: "That immediately before the commencement of this action the plaintiffs, by their attorneys, applied to said defendant and informed him that plaintiffs were ready and willing to perform said contract on their part, if he was ready to pay, to which defendant replied that he could not pay, and said he wanted to give up the property, and thereupon plaintiffs commenced this action."

It is undisputed that within two months after the defendant entered into possession of the property plaintiffs sold all their adjoining land, and thus put it out of their power to comply with their agreement with defendant, and keep open a right of way to the rear of his store; and at the time of the offer mentioned in the finding of fact I have quoted the plaintiffs were powerless to fulfill their agreement. The finding, therefore, that they were ready to perform, or that their offer and defendant's refusal constituted a waiver of tender of the deed cannot be sustained. A tender imports not only readiness and ability to perform, but actual production of the thing to be delivered. The formal requisite of a tender may be waived, but to establish a waiver there must be an existing capacity to perform. (*Nelson* v. *Plimpton Elevating Co.*, 55 N. Y. 484; *Lawrence* v. *Miller*, 86 id. 137; *Bigler* v. *Morgan*, 77 id. 318.)

Here there was no existing capacity, as, having sold all the adjacent lands, plaintiffs could not perform their covenant "to keep open a right of way" back of defendant's store. The conclusion of a waiver is not, therefore, sustained. If, however, the construction put upon the contract by the learned trial court, in the conclusion of law I have quoted, is correct, then the finding of a waiver of tender of performance is unimportant.

Never having paid $800 of the purchase-money, defendant was not in a position to demand the conveyance, and there being in the contract, as construed by the trial court, no covenant on the part of the plaintiff to deliver the deed until the full consideration was paid, tender of the conveyance as a condition precedent to recover for unpaid installments was not necessary, and no question as to the sufficiency of the facts to constitute a waiver of tender could legitimately arise.

Where a contract for the sale of land provides for partial payments of the purchase-money prior to the delivery of the deed, the vendor may sue for such installments when due without tendering a conveyance. (*Paine* v. *Brown*, 37 N. Y. 228; *Harrington* v. *Higgins*, 17 Wend. 376.)

But when, after the installments are all due, the vendor brings an action for the purchase-money, he is not entitled to recover without proving an offer before suit to convey the land to the defendant on receiving the purchase-price. When the last installment falls due the payment of the whole of the unpaid purchase-money and the conveyance of the land become dependent acts. (*Beecher* v. *Conradt*, 13 N. Y. 108.)

And the same rule applies when an action is brought for any installment payable at or after the term fixed for the delivery of the deed. (*Grant* v. *Johnson*, 5 N. Y. 247; *Pordage* v. *Cole*, 1 Saund. 320b, Sergeant Williams' note.) So that if the fair interpretation of the contract is, as was held by the trial court, that there was no obligation on plaintiffs' part to deliver a deed until the whole of the purchase-money was paid, except in case of a demand therefor by defendant after payment of $800 and tender of a bond and mortgage for the balance of the purchase-price, then the judgment was right and must be affirmed.

We come, therefore, to the consideration of the question whether the learned trial judge was right in his construction of the contract that the provision for a delivery of the deed, when $800 was paid, was one for the benefit of the defendant, enforceable only on his demand, or whether it was a covenant

on the part of the plaintiffs to deliver the conveyance at the time named.

We can find no support for the construction adopted by the trial court in the agreement itself, and it is not based upon any finding of fact.

The construction is harsh, unfair and unnecessary. The parties appear to have provided expressly for all matters between them. We expect naturally to find mutual obligations in the contract. The vendee agrees to pay the purchase-money, and we look for an agreement on the part of the vendor to convey. If it is not contained in the clause of the contract under discussion, it does not exist in express terms, and we are forced to imply it from the nature of the instrument.

In *Robb* v. *Montgomery* (20 Johns. 15), cited by appellants, there was an express covenant to convey on payment of the purchase-money, and a further provision that if, after the first payment was made, defendant wished to get a deed, and to give a bond and mortgage for securing the two last payments, plaintiff would give a deed.

Thus the intent of the parties was clear that it was to be optional with the vendee whether he would take a deed on making the first payment.

Here there is no express covenant to give a deed at all, unless it is in the provision cited. The language used in this part of the contract does not express an option, but is that of a positive undertaking. It is: "Parties of the first part agree, on *receiving the sum of eight hundred dollars*, * * * that they will execute and deliver * * * a sufficient deed."

We think the intent of the parties is plainly inferable from the language used, that this was a covenant on plaintiff's part to convey at the time and under the circumstances mentioned.

We have, therefore, an action to recover unpaid installments brought after the time stipulated for the delivery of the deed, and in such case, to entitle plaintiffs to recover, it was incumbent upon them to show an offer made before suit, to convey on receiving the stipulated part of the purchase-

money. (*Grant* v. *Johnson* and *Beecher* v. *Conradt, supra.*) The facts of this case are very similar to the cases cited. In *Grant* v. *Johnson* the contract was to sell the land for $950; $200 of which was payable in April, 1846, and $200 in April, 1847, and the balance in two annual payments thereafter.

The seller was to give possession in November, 1845, and a deed in May, 1846. The action was for the installment due in April, 1847, and this court held that delivery of the deed was a condition precedent to the payment of the second installment, and having made no tender, plaintiff could not recover.

In *Beecher* v. *Conradt* the purchase-money was payable in five installments. None were paid, and after they were all due plaintiff brought an action for the whole purchase-money. This court held that while the covenants as to the first four installments were originally independent, when the last installment fell due, conveyance and payment were dependent acts, and that no part of the purchase-money could be recovered without tender of a conveyance before commencement of the action. To the same effect are *Hoag* v. *Parr* (13 Hun, 95); *James* v. *Burchell* (82 N. Y. 108); *Smith* v. *McCluskey* (45 Barb. 621). The determination of the question what are and what are not dependent covenants is not one free from difficulty, and many of the cases are so irreconcilable that they are studied with little profit or assistance to the judgment.

Each case must be determined by the cardinal rule of interpreting all contracts, viz., to ascertain the intention of the parties to the agreement; and here we think there is no doubt the intention was to deliver the deed of the property when $800 of the purchase-money was paid. For all the installments falling due prior to that time plaintiffs might have brought their action and recovered without proof of offer to convey, but having waited until after the time fixed for the delivery of the deed, payment and conveyance became dependent and concurrent acts, and tender of performance was essential on their part to an enforcement of

defendant's obligations under the contract. The case seems to fall directly within the spirit of the second rule suggested by Sergeant Williams in his note to *Pordage* v. *Cole* (*supra*) : " When a day is appointed for the payment of money, and the day is to happen after the thing which is the consideration is to be performed, no action for the money can be sustained without averring a performance ; " and the rights of the parties under such circumstances as exist in this case are clearly stated by Judge Gardner in *Beecher* v. *Conradt* as follows: " The defendant has lost his right to pay the installments separately, and the plaintiff his right to enforce collection by separate suits. There is but a single cause of action, one and indivisible. The defendant, if he would obtain his due, must pay all, and the plaintiff, if he would recover, must show such a performance on his part as would entitle him to all the unpaid consideration." None of the cases cited by the appellant are in conflict with the rule stated, under the construction we have given the contract.

*Robb* v. *Montgomery* (20 Johns. 15), in one respect, I think, must be erroneously reported. The case states that the declaration averred non-payment of *all the installments.*

If we are to understand by this that the action was brought to recover the whole purchase-money, and to regard the court as holding that no tender of conveyance was necessary, then the case is in conflict with all the later authorities. But if the action was to recover the first installment only, then the decision is intelligible. I think the action must have been for the first installment. The case as reported arose upon a demurrer by defendant to a replication to a plea in the answer and involved the single question whether the assignment of the contract and the conveyance of the land to Bemus by the vendor, before the first installment was due (Bemus being ready and willing and having the capacity to convey to defendant) was a bar to the recovery. The court held that it was not, and in so deciding is in harmony with later decisions, which hold that in an action by a vendor for an installment of purchase-money falling due prior to the time limited for

the delivery of the deed, want of title in the vendor is not a defense. (*Harrington* v. *Higgins*, 17 Wend. 376.)

These and all kindred cases will be found, I think, to have arisen on independent covenants in contracts, and the rule established by them has no application in an action by a vendor for purchase-money brought subsequent to the day stipulated for the delivery of the deed.

The appellant makes the point that the agreement to keep open the right of way was a personal covenant, having no relation to the title, and its violation furnished no excuse for refusal to pay the purchase-money.

The appellant is not in a position to raise such a question, being concluded by the finding of the trial court, that such right of way was necessary to the proper enjoyment of the store, and that the parties intended that defendant should have such way, and that it should be conveyed to him with the store; and we think a right of way, which the trial judge found to constitute in value one-half of the property agreed to be sold, cannot be regarded as an immaterial part of the consideration of the defendant's obligation. Having put it out of their power to convey the property which they had agreed to sell, the plaintiffs were not able to make a valid offer of performance, and hence not entitled to recover the unpaid purchase-money.

The order of the General Term was right and should be affirmed, and judgment absolute rendered for the defendant on the stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.