83  381
15ap 58

WALTER G. SMITH, as Assignee, etc., of WILLIAM A. GARDNER, Appellant, *v.* GEORGE R. C. SMITH, Respondent.

*Covenants — when they are dependent and when independent.*

The question as to whether covenants contained in an instrument are dependent or independent commonly resolves itself into one of construction of the contract, viz., as to whether the acts, each of which constitute the consideration of the other, are intended to be concurrent, or whether either is intended to precede, and its performance to be a condition precedent of the other. In the former case the promises are mutually dependent, and neither party can maintain an action thereon without alleging and proving a tender of performance on his part. In the latter case it is only the party charged with the first act that must perform, or tender performance, before he can enforce the obligation of the other party.

An action was brought by a vendor to recover the second installment of the purchase price of lands sold under a contract, which provided: "When the second payment of said purchase money, to wit, three thousand five hundred ($3,500) dollars, to be paid on or before November 1, 1893, is paid, then the party of the first part is to execute a deed of said premises, and the remainder of said purchase money is to be secured as hereinbefore mentioned."

*Held,* that such contract, by its terms, imported that the promised payment of the second installment and the delivery of the deed were intended to be concurrent acts;

That the covenants, one for the payment of the second installment and the other for the delivery of the deed, were concurrent and mutually dependent, and neither could be enforced without performance, or tender of performance, of the other;

That if the complaint in such action failed to allege the tender of the deed of such premises, it was demurrable.

APPEAL by the plaintiff, Walter G. Smith, as assignee, etc., of William A. Gardner, from an order and interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 10th day of March, 1894,

upon the decision of the court, rendered at the Erie Special Term, sustaining the defendant's demurrer to the amended complaint.

*Geo. C. Sawyer,* for the appellant.

*Charles O. Tappan,* for the respondent.

DWIGHT, P. J.:

The action was to recover the second installment of the purchase price of lands sold by the plaintiff's assignor to the defendant, by a contract in writing which is set out in the complaint. The contract price was $22,000, of which the first installment of $500 was paid down, and the second installment of $3,500, for which the action was brought, was to be paid " on or before the 1st day of November, 1893." The contract then stipulates the mode of payment and security for the payment of the balance of the purchase price, and further provides as follows : " When the second payment of said purchase money, to wit, three thousand five hundred ($3,500) dollars, to be paid on or before November 1st, 1893, is paid, then the party of the first part is to execute a deed of said premises, and the remainder of said purchase money is to be secured as hereinbefore mentioned."

The defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action, and the demurrer was allowed on the ground that it was necessary, under the contract set out in the complaint, to allege the tender of a deed before action brought. We think the holding was correct, and that the demurrer was well taken.

There has been a good deal of discussion by the courts, and some not altogether consistent expositions of the doctrine of dependent and independent covenants ; but the question commonly resolves itself into one of construction of the contract, viz., as to whether the acts which constitute each the consideration of the other, are intended to be concurrent, or whether either is intended to precede and its performance to be a condition precedent of the other. In the former case the promises are mutually dependent, and neither party can maintain an action thereon without alleging and proving tender of performance on his part ; in the latter case it is only the party charged with the first act that must perform or tender per-

formance before he can enforce the obligation of the other party. (*Morris* v. *Sliter*, 1 Den. 59; *Kirtz* v. *Peck*, 113 N. Y. 222.)

In this case we think the contract by its terms plainly imports that the promised payment of the second installment and the delivery of the deed were intended to be concurrent acts. The language is: "When the second payment  *  *  *  is paid then the party of the first part is to execute a deed," etc. We think that the word "when" in this case means, at the time when, and that the payment and delivery of the deed were intended to be concurrent acts. But there is more of the provision; it is also provided that at the same time the security agreed to be given for the payment of the remainder of the purchase money shall be given to the plaintiff. These provisions seem to us to indicate the intention of the parties that at one time, viz., at the time of the payment of the second installment of the purchase money, the whole matter resting in contract should be closed up, the deed should be given on the one hand, and the securities executed or transferred on the other hand, and that the contract should then and there be fully performed. If such is not the import of the agreement, then no time whatever is fixed for the important transactions which remained, except an indefinite time after payment of the second installment.

In the case of *Beecher* v. *Conradt* (13 N. Y. 108) the covenant to convey was upon the express condition that the party of the second part do well and faithfully perform the covenants hereinafter mentioned and to be performed on his part, which were to pay the purchase price of the land in five equal annual payment with interest annually. It was held (opinion by GARDNER, J.) that these covenants were originally independent and that the plaintiff's vendor might have brought the action for either installment, as it became due, without alleging tender of a deed, but that having waited until the whole purchase price was due, the covenants became mutual conditions, and that no part of the purchase price could be recovered without tender of the deed. The defendant, if he would obtain his deed, must pay all, and the plaintiff, if he would recover, must show such performance as would entitle him to all the unpaid consideration.

The principle of this case was applied in the case of *Eddy et al.* v. *Davis* (116 N. Y. 247), where the purchase price of $1,600 was

to be paid in annual installments and the plaintiff was to give a deed " on receiving the sum of $800 at the times and in the manner above mentioned." In that case an action was brought to recover certain unpaid installments after the whole of the $800 had become due, and, consequently, after the time when, if the whole of that sum had been paid, the defendant would have been entitled to his deed. It was held in accordance with the doctrine of *Beecher* v. *Conradt* (*supra*), that, while plaintiff might have maintained his action to recover any one or more, less than all, of the installments making up the $800, as they fell due, without alleging tender of a deed — having waited until the whole $800 was due, on payment of which the deed was to be delivered, he could not maintain his action for that sum without tender of the deed.

We think the principle involved in those cases applies to the case in hand. Here the deed was to be given when the $3,500 was paid, and the action necessarily could not be brought until after the time when the defendant, if he paid the installment, was entitled to his deed. The two covenants were, therefore, concurrent and mutually dependent, and neither could be enforced without performance or tender of performance of the other.

We think the demurrer was properly allowed and that the interlocutory judgment must be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Interlocutory judgment appealed from affirmed with costs, and final judgment ordered thereon for the defendant unless the plaintiff within twenty days serve an amended complaint and pay the costs of the demurrer and of this appeal.