(20 App. Div. 248.)

## LIGHTHALL v. McGUIRE.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

VENDOR AND PURCHASER—PERFORMANCE.
    Where the party named as purchaser in a contract of purchase and sale re-
    fused to carry out the agreement unless property not mentioned in the con-
    tract was conveyed to him, the vendor was relieved from performance, or
    tender of performance, as a prerequisite to recovering an amount named in the
    contract as liquidated damages.

Appeal from trial term, Oneida county.

Action by John A. Lighthall against Mary A. McGuire, individ-
ually, etc.   From a judgment entered in favor of defendant, and
from an order denying a motion for a new trial on the minutes, plain-
tiff appeals.   Affirmed.

Upon the 19th day of October, 1895, the plaintiff and defendant entered into a
written contract for the sale by the latter to the former of about 2,300 acres of
land, consisting of 21 separate parcels, situate in the counties of Herkimer and
Oneida, in this state. The contract also embraced a quantity of personal prop-
erty, which was specifically mentioned therein. It likewise provided that: "On
payment of the sum of five thousand dollars, to be so paid on or before the first
day of December, 1895, the party of the first part covenants on that day to
deliver to the party of the second part the deeds and bill of sale aforesaid; and
concurrently therewith the party of the second part agrees to secure to the party
of the first part the balance of the purchase money aforesaid, by executing and
delivering to her his bond therefor, with a mortgage upon the first eight parcels

of land above described. * * *" And this provision was followed by a mutual covenant to the effect that the party failing to fulfill should pay to the other the sum of $1,000, which sum was fixed and agreed upon as liquidated damages for such failure. The 1st day of December falling upon Sunday, the parties met upon the following day, December 2d, at which time an extension was granted the plaintiff until December 9th, in order that his counsel might have an opportunity to examine and pass upon certain abstracts of title of the premises which were furnished him that day by the defendant in fulfillment of one of the conditions of the contract. Upon the 9th of December the parties, with their respective counsel, again met, at which time the plaintiff or his counsel claimed that the defendant's title to some portion of the lands in question was imperfect, and not such as she was required by the terms of her contract to furnish. Some little controversy arose over this question of title, the result of which was that the parties separated without either of them actually performing, or making any tender of performance. Immediately thereafter the plaintiff brought this action to recover the amount of liquidated damages specified in the contract; claiming that he was prepared and ready to fulfill upon his part, but was prevented from doing so by the inability of the defendant to perform on her part.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

J. A. McFarran, for appellant.
Walter Ballou, for respondent.

ADAMS, J. The contract between the parties to this action was a mutual one, and by its terms the plaintiff was required to pay to the defendant the sum of $5,000 before he became entitled to receive or demand from the latter a deed of the premises. It follows, therefore, that the plaintiff's right to recover herein depended upon his proving either an actual tender of performance on his part, or a willingness and an ability to perform in case performance was prevented or expressly waived by the defendant. Beecher v. Conradt, 13 N. Y. 108; Nelson v. Elevating Co., 55 N. Y. 480; Smyth v. Sturges, 108 N. Y. 495, 15 N. E. 544. There is some evidence in the case tending to show that upon the 9th day of December, 1895, the plaintiff did have the sum of $5,000 deposited in a bank in the city of Syracuse subject to his check; and he testifies that he was prepared and willing to pay over the same to the defendant, and that he was also prepared and ready to execute and deliver the bond and mortgage required by the contract. He did not, however, have the money with him, nor did he tender any check therefor, nor were the bond and mortgage executed and ready for delivery. And it also appears that he did not demand a deed or bill of sale of the property described in the contract. On the contrary, it does appear—and this fact is not controverted—that when the parties met upon the 2d of December, and separated without consummating their contract, the plaintiff's attorney, McFarran, who, it seems, was fully empowered to act for the plaintiff, was informed by the defendant's attorney that, if there was any disposition upon the part of the plaintiff to stand upon technicalities, Mrs. McGuire would tender him a deed of the premises, to which he replied that he would waive any technicality. Furthermore, upon the trial the defendant furnished considerable evidence tending to show that when the parties met at Forrestville, upon the 9th of December, it was claimed by the plain-

tiff that he was entitled to a quantity of spruce spars which were standing upon premises known as the "Blake Tract," in Herkimer county, which tract was not embraced in any of the parcels mentioned in the contract.   These spars were 436 in number, and were of the value of $1,190.   The defendant and her witnesses testified that this claim upon the part of the plaintiff was disputed, that she refused to accede to the plaintiff's demand, and that the plaintiff's counsel thereupon stated that, if he could not have the spars, there was no use of talking, and that they would go no further in the matter.   This evidence was denied by the plaintiff and his witnesses, who, while admitting that a claim was made to the spars, say that their delivery by the defendant was not insisted upon as a prerequisite to the fulfillment of the contract upon the part of the plaintiff.   There is no mention in the contract of any spars, and consequently, if, as contended by the defendant, the plaintiff did insist that he was entitled to them, and expressed his unwillingness to consummate the agreement unless his right to them was conceded, the defendant was unquestionably relieved from any performance, or tender of performance, on her part.   The record before us shows very clearly that there was a sharp conflict of evidence as respects this feature of the case, and an issue of fact was thereby presented, which was very properly submitted to the jury by the learned trial justice. Indeed, that was the principal issue in the case, the court having held with the plaintiff that the defendant's title to some of the parcels of real estate was not a marketable title.   Upon this single issue to which we have adverted the jury found in favor of the defendant, which, of course, defeated the plaintiff's right to recover damages. The evidence is quite sufficient to support the verdict thus rendered, and we can find no justification for interfering therewith.

We have carefully examined the several exceptions taken by the plaintiff during the progress of the trial, but find in none of them any error which requires a reversal of the judgment and order appealed from.   We conclude, therefore, that the judgment and order herein should be affirmed, with costs.

Judgment and order affirmed, with costs.   All concur, except FOLLETT, J., not voting.