SACHS et al. v. WACHSMAN.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

1. VENDOR AND PURCHASER (§ 344*) — CONTRACTS—PROCUREMENT OF MORTGAGE EXTENSION—DUTY OF PARTIES.

Under a vendor's agreement to procure an extension of a mortgage or to pay the purchasers' expense in procuring the same, if he should be unable to procure it, the purchasers agreeing to execute a new mortgage if necessary to procure the extension, the purchasers were not bound to tender the vendor a new mortgage in order to put him in default; being required to tender the purchasers a new mortgage for execution when the necessity for it arose.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 344.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. VENDOR AND PURCHASER (§ 215*)—CONTRACTS—ASSIGNMENT—LIABILITY OF
   VENDOR.
       A vendor was not released from a contract to procure an extension of
   a mortgage, etc., because the purchasers transferred title to a third per-
   son, where the title passed subject to the agreement, which the purchas-
   ers guaranteed would be carried out.
       [Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. §
   215.*]

       McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Nathan Sachs and another against Max Wachsman. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Joseph Sapinsky, for appellants.
J. Maurice Wormser, for respondent.

HOUGHTON, J. The defendant sold certain real property to the plaintiffs subject to certain incumbrances, including a second mortgage of $5,000, which mortgage the defendant agreed at the time of the sale to procure to be extended for a period of four years from September 15, 1906, its date of maturity. The defendant further agreed that in the event of his failure or inability to procure such extension he would pay to the plaintiff any damages or expenses they might be put to in procuring the same. On their part the plaintiffs agreed that, "if necessary," they would execute a new mortgage in that sum for the purpose of effecting such extension.

The defendant was acting, it seems, for one Moskowitz, who was the real party in interest, but nevertheless he bound himself by the contract. The plaintiffs transferred their title and covenanted with their grantee that the agreement for the extension of the mortgage would be carried out. Some while before the mortgage became due, the plaintiffs called the defendant's attention to the matter, and urged that he see that the extension be procured. The defendant then informed the plaintiffs that Moskowitz was the real party, saying that the matter was for Moskowitz to attend to, and that he himself washed his hands of the affair, and that whatever Moskowitz did was agreeable to him. The plaintiffs then importuned Moskowitz to procure the extension, and he refused to do anything concerning it, apparently on the ground that plaintiffs had parted with their title and were therefore not entitled to ask that the agreement be performed. Plaintiffs informed him that they had guaranteed the extension to their grantee, and it was shown that such grantee was ready, if called upon, to execute a new mortgage in case an extension of the old one could not be obtained. The holder of the mortgage refused to extend, and the plaintiffs were put to large expense in obtaining a new loan to effect the extension, and they bring this action for reimbursement.

The learned trial court dismissed the complaint upon the ground that it was incumbent upon the plaintiffs to tender to the defendant a new

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$5,000 mortgage in order to put him in default. We think the contract does not bear this interpretation. The defendant agreed to obtain the extension, and it was incumbent upon him to procure it. If he was not able to do so because the holder of the mortgage would not grant an extension or assign the mortgage to him so that he himself might grant it, a necessity for a new mortgage then arose. The plaintiffs agreed that they would execute a new mortgage running the specified time only in case of necessity therefor. After the defendant had done all that he could, he then knew whether there was any necessity, and it was incumbent upon him to inform the plaintiffs of that necessity, and to demand that they execute the mortgage because necessity therefor had arisen. The plaintiffs could not know that it was necessary for them to execute a new mortgage until they had been informed by the defendant that he was unable to procure the extension. Instead of the defendant doing what the contract obligated him to do, he washed his hands of the affair, and turned the matter over to Moskowitz, who refused to do anything at all concerning it. The defendant was in default not only in not doing anything to carry out the agreement, but also in failing to tender to the plaintiffs a new mortgage for execution when the necessity for it arose. The defendant was not released from his contract with the plaintiffs because they had transferred their title to another subject to their agreement with him, and which agreement they had guaranteed would be carried out. The only risk they ran in transferring title was that their grantee would not execute a new mortgage in case defendant demanded its execution. No such demand was made, and, besides, the grantee was ready so to do.

On the evidence adduced, the plaintiffs established a cause of action for the expenses to which they were put in procuring the extension of the mortgage, and the dismissal of their complaint was error.

The judgment must be reversed and a new trial granted, with costs to the appellants to abide the event.

PATTERSON, P. J., and INGRAHAM and CLARKE, JJ., concur.

McLAUGHLIN, J. (dissenting). The agreement on the part of the defendant to procure an entension of the time of payment of the $5,000 mortgage referred to was upon the condition that the plaintiffs held the title to the land covered by the mortgage at the time it fell due. This is evidenced by the fact that the plaintiffs agreed that, if necessary, in order to procure such extension, they would "execute a new mortgage in said sum—$5,000." When the plaintiffs, therefore, sold the land prior to the time the extension was desired, they thereby destroyed the agreement, because they put it out of their power to give a mortgage. Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362. The agreement did not run with the land, nor could the plaintiffs enforce it for the benefit of a third party.

I think the judgment should be affirmed.