In the Matter of the Judicial Settlement of the Account of Proceedings of HELEN BAYLIES TILDEN and Another, as Executors, etc., of FRED NICHOLAS BAYLIES, Deceased.*

THOMAS E. RINGWOOD, as Permanent Trustee of the Estate of MONTAUK BEACH DEVELOPMENT CORPORATION, Pursuant to Section 77B of the Federal Bankruptcy Act, Appellant; HELEN BAYLIES TILDEN and Another, as Executors, etc., of FRED NICHOLAS BAYLIES, Deceased, and Others, Respondents.

First Department, June 23, 1936.

*Affg. 155 Misc. 431.

*Leonard P. Moore* of counsel [*David S. Hecht* with him on the brief; *Chadbourne, Stanchfield & Levy*, attorneys], for the appellant.

*Herbert C. Pentz* of counsel [*Compton, Dillon & Clark*, attorneys], for the executors-respondents.

*William W. Landis*, for Frederick A. Preston, as committee of the estate and person of Isabelle P. Baylies, an incompetent.

PER CURIAM. The surrogate properly held that the decedent adopted and was bound by the contract of sale. If the proceeding is treated as one at law to recover the balance of the contract price, appellant cannot succeed because of the failure to tender a deed. (*Eddy* v. *Davis*, 116 N. Y. 247; *Ewing* v. *Wightman*, 167 id. 107.) Treating the proceeding as if it were one for specific performance, appellant may not succeed as the contract expressly provided that time was of the essence and this provision applied with equal force to the seller as well as to the buyer; the acts to be performed were concurrent and dependent. In the absence of a clause making time of the essence, equity may make time material. Although the buyer did not offer to perform on the contract date, the seller was not in a position to convey title free of incumbrances as required by the contract; the property was then subject to mortgage and tax liens and the seller was in the hands of receivers in equity, and all the circumstances indicate that there were no funds available with which to remove the liens.

The record shows that for a period of at least nineteen months after the law date the seller was not in a position to perform and it is questionable that even at the time of the trial the seller could carry out its contract. While equity sometimes relieves a party in default at law on a contract such as is here involved and decrees specific performance, that is done as a matter of discretion and where it is shown that the defaulting party is able to perform within a reasonable time after the passing of the law date. In view of all of the circumstances here it may not be said that the seller acted with such diligence as to be entitled to equitable relief.

The dismissal of the objections should be sustained, and the decree so far as appealed from affirmed, with costs.

Present — MARTIN, P. J., McAVOY, UNTERMYER, DORE and COHN, JJ.

Decree, so far as appealed from, unanimously affirmed, with costs.