Regis O’Brien, J.
Action to foreclose a mortgage.
Plaintiff was appointed by an order of this court, as committee of the person and property of Max Levin, an incompetent, on August 2,1951. The mortgage dated November 4,1949, was given with her bond, by the defendant, Mary Rizzo, to said Max Levin. It was recorded in the Erie County Clerk’s office November 7, 1949 in liber 4234 of mortgages at page 143. The document states, among other things, that the mortgagor, Mary Rizzo, is indebted to the mortgagee, Max Levin, ‘‘ in the sum of One thousand five hundred dollars ($1500) lawful money of the United States, which the mortgagor does hereby agree and bind herself to pay to the mortgagee, the sum of Fifteen hundred ($1500.00) Dollars to be paid as follows: One hundred fifty ($150.00) Dollars, or more, to apply on the principal sum on the 1st day of February 1950 and One hundred fifty ($150.00) Dollars, or more, quarterly thereafter with interest on all sums remaining from time to time unpaid at the rate of 6% per annum payable quarterly.”
The security pledged for the payment of said indebtedness is described as being certain premises situate on the westerly side of Brayton Street at its intersection with Vermont Street, Buffalo, New York.
The only witness for the plaintiff as to the amount due on the bond and mortgage was himself. According to his testimony, nothing was found by him among the papers and records of the incompetent to indicate that any payment was ever made upon either the principal or interest, of said mortgage and nothing was paid to him thereon since his appointment as committee.
The committee commenced this action to foreclose the mortgage by the filing of a lis pendens, followed by service of the *4 summons and complaint upon one of the defendants on March 18, 1955. The other defendants were served within a short time thereafter.
The complaint alleges, among other things, that the sum of ($1,500) with interest thereon at the rate of 6% per annum from the 4th day of November, 1949 was due thereon.
The defendant, Mary Bizzo, filed an amended answer in which the alleged balance due thereon is denied. She also alleged an affirmative defense to the effect that prior to December 7, 1951, she had duly paid ‘ ‘ to the said Max Levin all principal sums and interest then due and owing upon said mortgage.” In addition she alleged a counterclaim which was subsequently dismissed by this court by an appropriate order.
The defendants Dull, Tromba and Mahoney did not appear.
The other defendants appeared and filed appropriate documents, waiving all rights herein except notice of surplus money proceedings, if any result herein.
The defendant and her daughter gave testimony relative to payments made to Mr. Levin. Objection was made to the testimony of the defendant as to such alleged payments. Plaintiff objected to the admission of such testimony. The court first overruled on the theory that the committee (plaintiff) had been examined in his own behalf concerning the same transactions. Upon further consideration, however, the court announced that it was changing its ruling. The modified ruling was that the testimony would be received subject to its being stricken later, and that I would advise counsel in my written decision of the final ruling.
It is my final ruling that all of such testimony to which the plaintiff objected should be and it is stricken and the objection is sustained. No consideration is being given by the court to such testimony in arriving at the conclusions herein stated.
It is the court’s conclusion that the defendant, Mary Bizzo, established by a fair preponderance of credible testimony that payment of all but $600 had been made on said mortgage.
On August 28, 1950 Mr. Levin admitted in writing that he had received $600 in cash and $300 by check from the defendant and that the “ Balance due on mortgage and ini” was $600. Mrs. Bizzo’s daughter testified concerning the said receipt and the signing thereof by Mr. Levin.
I find and decide that prior to the commencement of the action, the defendant, Mary Bizzo, had made payments upon said mortgage and bond. It appears by Mr. Levin’s written admission that the balance due, “ on mortgage and int.” was $600 on August 28,1950.
*5 I also find and decide that said defendant failed to sustain her alleged defense of “ tender ” prior to suit, or “ offer to pay ” after suit was started. The right of the defendant mortgagor to make a ‘ ‘ tender before suit ’ ’ was clearly available to her under the authority of section 174-a of the Civil Practice Act, which became effective September 1, 1949 (L. 1949, ch. 298).
This section authorizes tender “ to the plaintiff or his agent, the sum of money which the defendant deemed sufficient to pay his obligation ” and if such tender were not accepted, to “ allege the tender in his answer.”
The cited section further provides: ‘ ‘ When such tender is alleged, payment into court of the amount tendered must be made before the service of the answer and such payment into court must be pleaded in the answer.” The sections of the Civil Practice Act relative to “ tender ” and the “ effect of tender ” were adopted to codify the common law relative thereto (cf. Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 189-206). The provisions apply to foreclosure actions (see comment on said 1949 Report, p. 202).
The defendant did not establish a compliance with the provisions of section 174-a. ‘ ‘ A tender imports not only readiness and ability to perform, but actual production of the thing to be delivered (Eddy v. Davis, 116 N. Y. 247, 251).
“ To constitute a valid tender it was necessary that the witness tender a specific amount. The amount must be produced and an actual and unequivocal offer of the same made to the other party.” (New York Utility Co. v. Williamsburg Steam Laundry Co., 187 App. Div. 110, 112.)
If the alleged tender had been established, then the plaintiff would not be entitled to ‘ ‘ recover interest from the date of tender, nor costs of the action.” On the contrary he would “ pay costs to the defendant ” (Civ. Prac. Act, § 174-b).
There was no proof to sustain the allegation of the defendant Rizzo’s offer to pay the sum of $600 principal and interest from September 1, 1950 to the date of payment. On the contrary, the offer as alleged, limited the payment of interest to the period beginning September 1, 1950 and ending December 4, 1951. Thus, it did not become effective as a .bar to interest and costs after August 28, 1950.
The foregoing constitutes my decision in this case as provided in section 440 of the Civil Practice Act. Judgment of foreclosure is granted and the balance due is hereby found to be the sum of $600 with interest thereon from August 28, 1950.