(28 App. Div. 326.)

## EWING v. WIGHTMAN.

(Supreme Court, Appellate Division, First Department. April 22, 1898.)

PURCHASE-MONEY NOTES—FAILURE OF CONSIDERATION.

In an action by a vendor of certain parcels of real property to recover upon certain promissory notes of the vendee given in pursuance of the contracts of sale, it appeared that the consideration for the notes was the agreement to convey the lands specified upon payment in full of the purchase money represented by the notes, the contracts themselves being executory, and not constituting conveyances of the lands. It also appeared that the lands in question had been sold by the plaintiff to third parties, and that he was therefore incapable of giving title thereto in case the notes were paid. *Held*, that the consideration for the notes had failed, and that plaintiff's course of action was inconsistent with the enforcement of any rights under the contract.

Appeal from trial term.

Action by Henry O. Ewing, as receiver of the Cardiff Coal & Iron Company, against George B. Wightman. From a judgment entered on a verdict directed by the court, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

George H. Adams, for appellant.

Edwin S. Hunt, for respondent.

VAN BRUNT, P. J. The plaintiff in this case, suing as receiver of the Cardiff Coal & Iron Company, sought to recover upon 61 causes of action, each being upon a promissory note based upon a contract made by the said company for the sale of land at Cardiff, Tenn.; all of the contracts being of the same tenor and form, except as to the purchase price, amounts of payments, and description of land. The defendant was the maker of each of the promissory notes sued on, and also the vendee in the contract of sale of lands in connection with which the notes were given. Certain cash payments were made on these contracts, and the notes were made and delivered as evidence of deferred payments to be made on the contract of sale; and it was agreed that the vendor, the Cardiff Coal & Iron Company, upon full payment of the purchase price, should convey in fee simple, with covenants of general warranty, the particular lot described in each contract. Suit was not brought upon any of these notes until after the maturity of all of them. It was proven that the notes and the contracts were executed simultaneously, and that the consideration for the former was the agreement to convey the land specified in the contracts on the payment in full of the purchase money represented in part by the notes. The contracts were executory. They do not constitute conveyances of the land. The notes were consideration pro tanto for the conveyance of the land, or, in other words, for the purchase price of the land, and as between the Cardiff Coal & Iron Company, or its receiver, the plaintiff, and the defendant, are open to all defenses available in an action by a payee against the maker of a promissory note. It appears that the lands mentioned in these contracts have been sold by the receiver, and hence he is incapable of

giving title thereto, in case the notes given in pursuance of said contract are paid, and the consideration for the notes has therefore failed. The plaintiff by his sale has elected to terminate the contract, and his action is inconsistent with the enforcement of any rights under it. If a party insists upon his rights under a contract, he must do nothing which destroys his power to comply with his obligations contained therein. The defendant is not bound to pay his notes and get nothing in return.

The judgment should be reversed, and new trial ordered, and costs to appellant to abide event. All concur.

INGRAHAM, J. (concurring). The action was brought by the plaintiff, as receiver of a Tennessee corporation, the Cardiff Coal & Iron Company, to recover for 61 promissory notes made by the defendant, and duly transferred to that corporation. With one or two exceptions, the notes are similar in form, except as to the date, the amount, and time of payment, and the fact that some of the notes were made payable to one H. C. Young, and some directly to the order of the Cardiff Coal & Iron Company. The making of the notes having been admitted, when the case came on for trial counsel for the plaintiff claimed that the burden was with the defendant, and that he had the affirmative of the issue. This seems to have been acquiesced in by the defendant, who thereupon opened his case to the jury, and called the defendant as a witness, whereupon plaintiff's counsel moved for judgment upon the pleadings. This motion having been denied, the defendant as a witness identified the notes sued on, which were produced by the plaintiff, and the defendant then offered the 61 notes sued on in evidence. The form of the notes sued on, except as to date, time of payment, payee, the amount, and the description of the property therein specified, is as follows:

"12 months after date I promise to pay to the Cardiff Coal & Iron Company, or order, four hundred and sixteen and $60/100$ dollars, for value received, with interest from date. This note is given in part consideration for land this day bought of the said Cardiff Coal & Iron Company, and a lien is retained on said land to secure the payment of this note. If this note is not paid at maturity, and is placed in the hands of an attorney for collection, —— agree to pay 10% attorney's fees, to be taxed as costs.

"This 30th day of April, 1890.                    Geo. B. Wightman,
"Lots 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, block 7,           Kansas City."

Eight notes were also introduced in evidence which differed slightly in form from the above, and were as follows:

"$416 $65/100$.                                   Cardiff, Tenn., 4/29, 1890.

"For value received I promise to pay to the order of H. C. Young, four hundred and sixteen and $65/100$ dollars, twelve months after date, with interest from date at the rate of six (6) per cent. per annum. This note is given for part of the consideration for lots 5, in block 34, in the town of Cardiff, Roane county, Tennessee, and is a lien thereon until fully paid. If this note is not paid at maturity, and is placed in the hands of an attorney for collection, I agree to pay all costs of suit and ten per cent. of attorney's fees for collecting.

"This —— day of ——, 1890.                Geo. B. Wightman,
                                              "Kansas City."

There was also one note, dated April 29, 1890, payable 12 months after date, made by one Albert V. Parks to the order of George B.

Wightman, and indorsed by Wightman, which contained the provision that this note was given for part of the consideration for block 34, lot 11, and bearing the following indorsement: "Interest received on the within to September 29, 1890." Another note was introduced in evidence for $400, payable four months after date, dated July 15, 1890, and was signed by George B. Wightman, payable to his own order, and by him indorsed, and also bearing the following indorsement:

"One hundred dollars received on the within.
"$100.
"February 28th, 1891.                   E. C. White, Cash.
"Interest paid on the within to February 28th, 1891."

It was also proved by the defendant, without contradiction, that at the time that each of these notes were delivered there was also a contract for the sale of lands made between the plaintiff and the defendant, and that each of the notes mentioned in the complaint and introduced in evidence were executed by the makers, and delivered by the defendant to the plaintiff, as one of the payments provided for by such a contract. That contract was executed by the Cardiff Coal & Iron Company, and was as follows:

"For and in consideration of the sum of four hundred and sixteen and $70/100$ dollars ($416.70) in hand. paid on the delivery of this instrument, the receipt of which is hereby acknowledged, and the further sum of eight hundred and thirty-three and $30/100$ dollars ($833.30), to be paid in equal installments in six and twelve months from date, to be evidenced by two notes, executed by the said bargainer hereinafter named, due and payable, respectively, six and twelve months after date, with interest from date, the Cardiff Coal and Iron Company, a body corporate under the laws of the state of Tennessee, has bargained and sold, and hereby agrees and binds itself to convey, by deed in fee simple with covenants of general warranty, on payment in full of the purchase money, at the times and in the manner hereinbefore set forth, unto George B. Wightman, his heirs or assigns, a lot or parcel of lands lying in the 13th civil district of Roane county, Tennessee, being lot No. five, in block thirty-four, in the town of Cardiff, as shown by the plat of said town in the register's office of Roane county. But it is expressly agreed and understood that this contract shall be valid and binding on the Cardiff Coal and Iron Company only on conditions that the notes hereinbefore set out shall be paid promptly within thirty (30) days after the maturity thereof, and the failure of the bargainee hereinbefore named to make either of said deferred payments, as hereinbefore provided, shall, at the election of the Cardiff Coal & Iron Company, render this contract absolutely null and void; and any amounts that may have been paid by the bargainee herein shall be considered as forfeited to the Cardiff Coal & Iron Company, and the said Cardiff Coal & Iron Company shall have the right to re-enter on the property sold herein, and to hold the same free from any claim or demand, either in law or equity, on the part of the said George B. Wightman, bargainee. In testimony whereof the Cardiff Coal & Iron Company has caused its corporate name to be signed by its legally authorized officer, and its corporate seal to be affixed, this 29th day of April, 1890.            B. B. Smalley, Prest."

It seems that H. C. Young, mentioned as the payee in some of the notes sued on, was vice president of the company; and at the time such notes were executed by the defendant he received from the company a contract similar in form to the above contract, the notes being given for the payments provided for in such contract. The defendant then proved that in the month of September, 1890, before any of these notes matured, he had a conversation with Mr. Young, the vice president of the corporation, less than six months after the date of the note, when Young told the defendant that he did not think the

company could pull through; that it was in a bad shape; that "he must get money to pay those liens off, as they had given deeds of the property, and they were liens on the property, and he was afraid they were going to make an assignment." It also appeared that on the 10th day of June, 1891, the plaintiff's predecessor was appointed receiver of the company; and that subsequently, after the appointment of the receiver, the lands contracted to be sold to the defendant, under the contract before referred to, were sold at public sale. The defendant sought to introduce testimony tending to show that this sale was in proceedings taken by the receiver for the sale of the land of the company; that this sale was upon the action of the receiver; and that the proceeds of the sale were received by the receiver. This testimony was objected to by the plaintiff, and the objection sustained, to which the defendant excepted.

It was conceded that no tender of a conveyance of this property described in these contracts had ever been made by the corporation to the plaintiff, and that prior to the commencement of this action all of the property mentioned in these contracts had been sold, and neither the corporation nor the receiver was able to make a conveyance of the property provided to be conveyed by these contracts. The action is brought to recover the amount of these notes given for the payments to be made under these contracts. There is no allegation in the complaint to sustain the claim against the defendant for damages sustained by the corporation by reason of the failure of the defendant to carry out his contract and pay the amount named in these notes.

The right of the plaintiff to recover must depend upon his right to enforce the payment of these promissory notes given by the defendant as evidence of the obligation to pay the amount specified in the contracts as the consideration of the conveyance of the land mentioned in the contract. It is not necessary for us to determine on this appeal whether a cause of action did exist against the defendant upon any of these notes which were given for the first installment to be paid under the contract before the payment of the final installment became due. No action was brought on the notes until after the last payments became due, and when the whole amount specified in the contract as the consideration for the conveyance of the land therein mentioned to the defendant had become due and payable. By the contracts between the corporation and the defendant, the corporation bound itself to convey, by deed in fee simple, with covenants of general warranty, on payment in full of the purchase money, at the times and in the manner thereinbefore set forth, the real property specified in the contract; and, in consideration of that covenant to convey, the defendant paid a sum of money at the time of the delivery of the contract, and agreed to pay a further sum of money in equal installments, in six and twelve months from date, such payment to be evidenced by two promissory notes executed by the defendant, with interest from date; and it is not disputed but that these notes in suit were the notes executed by the defendant and delivered to the corporation as evidences for the payment of these two installments under the conditions named in this contract. The obligation of the defendant to pay these notes, so long as they remained in the hands of the corporation, was condi-

tioned upon the performance by the corporation of its contract with the defendant. It was the installments that the defendant was to pay under this contract that were to be evidenced by the notes sued on, and the payment of those installments was the consideration for the promise of the corporation to convey the land mentioned. By the express terms of the contract, it was to be valid and binding upon the corporation only upon the condition that the notes issued to evidence the payment of the installments should be paid promptly within 30 days after maturity thereof, and that the failure of the defendant to pay these notes should, at the election of the corporation, render the contract absolutely null and void, and that the said corporation should then have the right to re-enter upon the property sold therein; all payments that had been made were then to be considered as forfeited to the corporation. The notes themselves refer to the contract, and recite that it is given in consideration of the land purchased from the corporation. Now, this contract between the corporation and the defendant does not purport to be a conveyance of the land. It is simply a contract to convey. The consideration for the notes was not the execution of the contract, or the obligation of the corporation to convey, but the notes represented the consideration to be paid by the defendant for the actual conveyance of the land by the corporation, and which the corporation bound itself to convey upon the payment of the notes. If the corporation for any reason had refused to make the conveyance, or had been unable to convey a good title by warranty deed to the defendant, the defendant could have paid the notes, and then held the corporation liable for its breach of the contract to convey, but he was not bound to adopt this course. He could refuse to pay the note for the last installment, and the failure or inability of the corporation to keep its contract and to convey the property to the defendant would have been a good defense upon such notes, as it would have been upon the obligation of the defendant, under the contract itself, to pay the consideration for the conveyance of the property which the corporation had refused or was unable to make. It seems equally clear that, as to the first installment, if before it became due the company had lost the title or was in such a position that it was unable to give to the defendant a good title to the property it had agreed to convey, the defendant was not bound to pay the note given as an evidence of such first installment, as the consideration for a promise to pay such first installment was the conveyance by the corporation of the property which the corporation was unable to make. But when the whole consideration for the conveyance had become due, and before the corporation had tendered a conveyance, or called upon the defendant to perform his contract and pay the consideration for the conveyance of the property, the corporation was devested of the title to the property, and unable to convey a title thereto to the defendant, the whole consideration of the promise of the defendant to pay the amount that was to be paid for the conveyance had fallen, and no obligation rested upon the defendant to pay such amount.

The distinction must be clearly kept in mind between a promise to pay a sum of money as a consideration for the execution of an obliga-

tion to convey and an agreement to pay a sum of money as a consideration for the conveyance when executed. It is clear from the contract in question that this obligation to pay to the defendant these two installments was the consideration for the conveyance to be made by the corporation to the defendant, and upon a failure or refusal of such corporation to convey the consideration for the promise of the defendant to pay the installments fell. If the corporation or its successor in interest wished to enforce the obligation to pay against the defendant, it was bound to tender to the defendant a deed of the premises, or, at least, so preserve the property that, upon payment by the defendant of the consideration named, it could convey to the defendant a good title to the property which it had promised and agreed to convey, and which was to be the consideration for the payments that the defendant had obligated himself to make. The contract expressly provides that this obligation of the defendant to pay to the corporation was to be evidenced by these notes in suit. The notes were thus simply evidences of the promise of the defendant to pay the consideration for the conveyance by the corporation to him of the property specified in the contract, and in the hands of the corporation or its successor in interest. It could only enforce the payment of the notes upon the performance of the contract, so as to entitle it to the payments specified in the contract.

It seems hardly necessary to cite authorities to sustain this perfectly plain proposition, but one is found in the case of Beecher v. Conradt, 13 N. Y. 108. By the contract under consideration in that case the plaintiff's assignor covenanted, for himself and his assigns, to execute and deliver to the defendant a deed of conveyance in fee of a parcel of land described in the contract, and the defendant covenanted to pay a sum of money in five equal annual payments, with interest annually on all sums unpaid. The plaintiff brought the action to recover this sum of money thus agreed to be paid, and the court held that the defendant was not liable. In delivering the opinion, the chief judge said: "The plaintiff has neither averred nor was there proof of any other breach of the contract upon the part of the defendant, except the nonpayment of the purchase money. The plaintiff had a right to sue for each installment, as they severally became payable; but this right he has waived, and now seeks to recover the whole purchase money in this action, without an averment or proof of a tender of a conveyance, or a readiness or willingness to convey." It was held that "the consideration for the conveyance by the vendor was an entire sum, to be paid by installments; that the whole was due at the commencement of the action, and the plaintiff has sued for the whole purchase money, without attempting to distinguish in his complaint or evidence between the different installments"; that "the plaintiff, having elected to wait until the fifth and last installment became due, and upon the payment of which, as this case stands, the defendant would be entitled to a deed, cannot now sustain his action for either installments, without proof of performance or readiness to perform on his part. * * * The defendant, by a tender of the whole, which he has now a right to pay, would be entitled to his deed. The plaintiff, on the other hand,

must establish his right to the consideration as an entirety, or he
cannot recover anything."

In the case of Eddy v. Davis, 116 N. Y. 248, 22 N. E. 362, the plain-
tiffs agreed to sell to the defendant a lot of land described for the
sum of $1,600, payable in annual installments, varying from $100 to
$200; the plaintiffs further agreeing that "on receiving the sum of
$800, at the time and manner above mentioned, that they will ex-
ecute and deliver to the said party of the second part, at their own
proper cost and expense, a good and sufficient deed of said property,
by the party of the second part giving to the parties of the first part a
bond and mortgage on said property for the remaining sum unpaid."
The contract further provided that the plaintiffs agreed "to keep open
a right of way back of said building." It seems that the defendant
paid the first installment, but the other payments were only about suffi-
cient to pay the interest on the purchase money. At the time that
the agreement was made the plaintiffs owned other property adjoining
the lot sold defendant, over which property a right of way could have
been granted to the back of the building upon the property to be con-
veyed; but before the commencement of the action the plaintiffs had
sold such property, without any reservation of a right of way to the
defendant's lot, and at the time of the commencement of the action they
owned no property over which they could give a right of way to the
rear of the defendant's building. The court held that, as the plaintiffs
were unable to perform their covenant to keep open a right of way to
the back of the building upon the property in question, they were un-
able to convey the property which they had agreed to sell; and that
the plaintiffs, not being able to convey the property agreed to be sold,
were not able to make a valid offer of performance, and were not en-
titled to recover the unpaid purchase money. Following Beecher v.
Conradt, supra, it was held that, all the installments falling due prior
to the commencement of the action, payment and conveyance became
dependent and concurrent acts, and tender of performance was essen-
tial on their part to an enforcement of defendant's obligation under
the contract. In this case the court reviewed the authorities in this
state, and expressly approved Beecher v. Conradt, supra, and Grant v.
Johnson, 5 N. Y. 247.

None of the cases cited by the respondent apply. In Lewis v. Mc-
Millan, 41 Barb. 420, it was held, under the formal contract in that
case, that the defendant had been in full and complete possession and
enjoyment of all the benefits secured to him by the contract which
formed the consideration of the note in question, uninjured and undis-
turbed by any adverse title or claim of title whatever; that he had
retained the entire possession and enjoyment of the plaintiff's property
under the contract for a period of nearly seven years, and still retained
the same, while refusing to fulfill his obligations under the same con-
tract; and that he could not then affirm the contract, and at the same
time repudiate his obligation to pay the contract price for it. In Ab-
bott v. Allen, 2 Johns. Ch. 519, the note in suit was given in consid-
eration of a conveyance of the land which the maker of the note was in
possession of under a warranty deed, but the title to which he claimed
was defective. It was held that the defendant could not be relieved

from the payment of his note until he was actually evicted.    In the case at bar the defendant has never received a conveyance of the land the consideration for which was evidenced by the notes in suit, and has acquired no benefits under the contract which the plaintiff corporation has failed to complete.    Most of the evidence offered by the defendant to show the sale of the property was excluded by the court on the ground that such a sale must be proved by the record title; but the fact that the property which the corporation promised to convey to the defendant had been actually sold was proved, and it was not claimed in the court below, nor is it claimed upon this appeal, that the corporation, or the receiver as the successor of the corporation, has now the ability to convey the property described in these contracts to the defendant; but, when it appeared that these notes were given merely as evidence of an obligation to pay a consideration for the conveyance of real property, the burden was upon the vendor to prove that he had either tendered a conveyance, or that he was ready to convey, and no such evidence was offered on the part of the plaintiff, nor was such a claim made upon this appeal.    We think, therefore, that the motion to direct a verdict for the defendant should have been granted, and for this reason the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.