EWING v. WIGHTMAN.

(Supreme Court, Appellate Division, First Department.  June 8, 1900.)

BILLS AND NOTES—CONTRACT—CONSIDERATION—CONVEYANCE OF PROPERTY—
NECESSITY OF TENDER OF CONVEYANCE.

Where, in an action by a payee's receiver on notes given as considera-
tion for a contract to convey lots in fee simple with covenants of general
warranty on payment thereof, it was shown that part of the lots were in-
cumbered at the time of the execution of the contract and notes, and re-
mained so at the maturity of the notes, at which time the payee was
insolvent; that such lots had been sold under decree in an action in an-
other state against the maker of such notes; that there had been no de-
mand for payment at the maturity of the notes, and no tender of convey-
ances was ever made or waived,—no recovery could be had, since the
consideration therefor was the conveyances contemplated by the contract,
and inability to so convey and failure to tender such conveyances pre-
cluded recovery thereon.

Appeal from judgment on report of referee.

Action by Henry O. Ewing, receiver of the Cardiff Coal & Iron
Company, against George B. Wightman, to recover on promissory
notes.  From a judgment in favor of the defendant, plaintiff appeals.
Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN,
and INGRAHAM, JJ.

Henry H. Whitman, for appellant.
William C. Cammann, for respondent.

INGRAHAM, J.  This action was once before tried, the plaintiff
obtaining a judgment which was reversed by this court upon the
ground that the notes in suit were consideration pro tanto for the con-
veyance of the land,—or, in other words, for the purchase price of the
land,—and as between the Cardiff Coal & Iron Company, or its re-
ceiver, the plaintiff, and the defendant, are open to all defenses avail-
able in an action by a payee against the maker of a promissory note.
In the opinion delivered upon that appeal the court say:

"It appears that the lands mentioned in these contracts have been sold by
the receiver, and hence he is incapable of giving title thereto in case the notes
given in pursuance of said contract are paid, and the consideration for the
notes has, therefore, failed.  The plaintiff, by his sale, has elected to terminate
the contract, and his action is inconsistent with the enforcement of any rights
under it.  If a party insists upon his rights under a contract, he must do noth-
ing which destroys his power to comply with his obligations contained therein.
The defendant is not bound to pay his notes, and get nothing in return."
Ewing v. Wightman, 28 App. Div. 326, 51 N. Y. Supp. 268.

The main question is thus disposed of, and we have only to de-
termine whether there were any facts proved on the new trial which
would justify a different result.  The action was brought upon certain
promissory notes made by the defendant, whereby he promised to pay,
12 months after date, a sum of money named, with interest from said
date.  The answer admits the making, execution, and delivery of the
notes set forth in the complaint; denies that the same were for a
valuable consideration; and alleges that they were given as the con-
sideration for the sale of certain lands which were to be conveyed to

the defendant by the Cardiff Coal & Iron Company on the payment of said notes; that at the time of the execution of the said contracts and the making of the notes the lands therein described were incumbered by a vendor's lien or liens for a large amount of the purchase money, the existence of which was unknown to the defendant at the time of the execution of the contract; that at the time of the maturity of the said notes the said company was insolvent, and unable to pay its debts and obligations, or to perform and carry out said contracts to convey a title in fee simple with covenants of general warranty; that subsequently the said lands were sold in pursuance of the judgments to enforce the liens thereon, and that an effective tender was never made to the defendant of the conveyance of the lands to be conveyed to him under the contract. Upon the trial the defendant had the affirmative, when the contracts between the Cardiff Coal & Iron Company and the defendant were put in evidence, and it was proved that the notes were given as part consideration for the lands therein agreed to be conveyed. The defendant testified that no demand was ever made upon him for the payment of the notes; that no offer of a conveyance of the lots mentioned in the contract was ever made by the Cardiff Company or the plaintiff; that no deed was ever offered or tendered; that a Mr. Haynes, who was an assistant to the receiver, some time in 1894, after the appointment of the receiver, had a conversation with the defendant in relation to the affairs of the company; that he came to the defendant, and said he was attending to the matters for the receiver, and wanted to talk to him about the amount of the claim which the company had against him; that the defendant said that he did not owe anything and would not pay anything under any circumstances; that Haynes then said that the lands had been sold by the receiver, and that they were gone. The defendant also testified that, before the notes in suit were due, he had a conversation with a Mr. Young, who was a vice president of the company; that Mr. Young said that the company was in bad shape; that they had sold the property, but that there were liens on the property past due, and that he (defendant) had better not buy any more property. The defendant then rested, and the plaintiff offered in evidence the record of an action commenced in the United States circuit court for the Eastern district of Tennessee between one George F. Bosworth as plaintiff and the Cardiff Coal & Iron Company and other defendants, in which a decree was entered appointing a receiver, with the usual powers and duties of a receiver appointed in the United States court; and also the record of an action by the receiver against the defendant Wightman, with others, wherein the notes in suit were specifically described, together with the lots for which the same were given in part payment; in which action, on June 20, 1893, a decree was entered adjudging that the defendants were justly indebted to the Cardiff Coal & Iron Company for property purchased. This decree appoints a special commissioner, and directs him to sell at public auction all lots upon which the company had retained a lien for unpaid purchase-money notes, including the lots sold to this defendant. The commissioner reported that he had sold the lots purchased by the defendant, and by a final decree entered September 8, 1895, it was adjudged that the receiver have and recover of the defend-

ant Wightman the sum of $38,387.62, being the amount due after allowing credit for the sum realized from the sale of his lots; and similar judgments were taken against the other defendants who had received contracts similar to the Wightman contracts. There was evidence that on November 4, 1892, the lien which was upon a part of the property sold to the defendant was released; that of the 79 lots sold to the defendants 32 were on the McElwee farm, upon which there was no lien or incumbrance, and 47 were on the Hombree farm, upon which the lien existed. The aggregate amount received by the commissioner for the lots contracted to be sold to the defendant was $245. Upon this evidence the referee filed a short decision, stating the grounds as follows: "That the notes upon which this action is brought were given in consideration of land to be conveyed to the defendant; that the agreements to convey the land and pay the notes were concurrent and dependent agreements; that no action could be brought on the notes without a previous tender of a conveyance of the land; that no tender of such conveyance was ever made to the defendant; and that, as to a large part of said land, the plaintiff was not able to convey an unincumbered title until long after the maturity of the notes,"—and directed a judgment dismissing the complaint on the merits. We think this judgment was the necessary result of the determination of this court on the former appeal. Assuming that the effect of a failure to tender a deed at the time the contract was to be performed did not abrogate the contract, the corporation had the right to tender to the defendant at a subsequent time a deed of the premises contracted to be conveyed, and to demand payment of the amount due upon the notes, or it could elect to declare the contract void on the failure of the defendant to pay the notes when due. So far as appears, no election was made. No demand was made upon the defendant at the time the note was due, and no tender of a deed was ever made. The demand of a representative of the receiver for a settlement of a claim against the defendant was not a tender of a deed. A somewhat different account is given of this interview by the receiver's representative from that testified to by the defendant; but it does not appear that any distinct offer to convey the land was made, or that the defendant was told that he could have a conveyance upon payment of the amount due upon the notes. The position of this representative of the receiver appears to have been the same as is that taken by the plaintiff in this action. That was that, notwithstanding the failure to convey the lands to the defendant, the plaintiff was entitled to recover from him the amount of the notes in suit. The result of this interview was a demand of the defendant to pay the notes without tendering to him any deed of the property, or assuring to him in any way the title to it; and the refusal of the defendant to accede to that demand was certainly not a waiver of his right to require a tender of a deed which would convey to him the land which he had purchased. Assuming that the defendant's absence from the state of Tennessee excused a tender of the deed when it was due, it did not destroy the obligation of the vendor of the land to keep the title to the land, so that it could make a tender of a conveyance when it sought to hold the defendant to his obligation to pay the notes. As we held on the former appeal, the

vendor, or its successor, the plaintiff, could not voluntarily devest itself or himself of title to the property, so that the contract to convey could not be performed, and then recover upon the promise to pay the money that was to be paid for such conveyance; and it was, I think, quite immaterial when the vendor devested itself of such title by a conveyance, or instituting an action by the judgment in which the property was sold, and when the vendee was not a party so as to be personally bound by the judgment. Before this defendant could be required to pay these notes, it was essential that an opportunity should be given him to acquire a title to the lands, an agreement to convey which was the consideration for the execution of the notes. The corporation having failed to make a tender under which the defendant could obtain a conveyance of the lands when the notes became due, before the defendant could be put in default it was necessary for the vendor of the land to make a formal tender of a deed to the defendant which would convey to him a valid title to the land; and it is not claimed that any such tender was ever made, and there is nothing from which a waiver of such a tender could be implied. It may be conceded that the action in the circuit court of Tennessee to which the defendant was made a party disposed of the defendant's interest, whatever it was, in the land there located, and which was sold under the decree of the circuit court. This defendant, however, never having been personally served, and never having appeared in the action, the court had no jurisdiction to grant a personal judgment. It might dispose of his interest in the lands, if he had any, or cut him off from making any claim upon the land in question, but could not decree a personal judgment against him which could be enforced in this state. This action, however, is not to enforce the judgment of the court in Tennessee. It is to recover upon the notes given by the defendant, the consideration for which has failed by the inability of the corporation to convey the land to the defendant, an agreement to convey which was the consideration for the notes, and for those notes the plaintiff was not entitled to recover.

The judgment should therefore be affirmed, with costs. All concur.