BRYAN L. KENNELLY, INC., Appellant, *v*. BENJAMIN SHAPIRO and Another, Doing Business under the Firm Name and Style of BANDELL SUPPLY COMPANY, Respondents, Impleaded with JACOB BOLTAN, Appellant.

First Department, February 3, 1928.

**Vendor and purchaser — marketable title — action on check given as down payment — action was commenced after closing date — contract was subject to covenants recorded in stated book on stated page — court assumes this constitutes sufficient notice of existence of said covenants — property is subject to certain business restrictions not mentioned in contract — enforcement of payment on check, closing date having passed, was subject to transfer of good title.**

This action is to recover on a check given as down payment on the execution of a land contract. Payment on the check was stopped. This action was not commenced until after the closing date. The contract specified that the sale was made subject to certain covenants contained in " Liber 465 of Conveyances,

page 43, in the office of the Register of the County of New York." The court assumes without deciding that the covenants and party wall agreements so recorded were sufficiently brought to the attention of the purchaser by the terms of the contract.

Although not mentioned in the contract there were certain restrictions against the property which prohibited its use for certain specified businesses not unlawful in themselves or forbidden by any statute or ordinance in the locality where the property is situated. This covenant was an incumbrance and its continued existence up to the closing date will be presumed in the absence of evidence showing that it had been removed.

Since the action was not commenced on the note until after the closing date, at which time the plaintiff was under obligation to deliver a title in conformity with its contract, the obligation of the check and the obligation of the contract were concurrent and dependent. Hence, it was incumbent on the plaintiff to plead and prove, even though actual tender was waived, that it and the vendor were ready, willing and able to perform on the closing date.

McAVOY, J., and DOWLING, P. J., dissent, with opinion.

APPEAL by the plaintiff and by the defendant, Jacob Boltan, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 25th day of March, 1926.

*Sumner B. Stiles* of counsel [*Bertram L. Kraus* and *William Burr DeLacy* with him on the brief; *Wesselman & Kraus,* attorneys], for the appellants.

*Benjamin Tuska* of counsel [*David I. Shapiro,* attorney], for the respondents.

O'MALLEY, J. This action was brought July 11, 1923, to recover upon a check for the sum of $10,750, dated May 23, 1923, drawn by the defendants Shapiro to the order of the plaintiff. Its execution and delivery are not disputed, nor is the fact that payment thereon was immediately stopped. The amount of the check represents ten per cent of the purchase price of certain premises owned by the defendant Boltan and sold at public auction by the plaintiff company, as auctioneers, plus a twenty-five-dollar "knockdown" fee.

The sale was made on the day on which the check was dated and given. The terms of sale and the memorandum signed by the defendants at such time provided, in so far as here material, that the balance of the purchase money was to be paid on or before June 22, 1923; that the property was sold by a good title in fee simple, free and clear of all incumbrances with certain specified exceptions, and "subject, also, to covenants and party wall agreement contained in Liber 465 of Conveyances, page 43, in the office of the Register of the County of New York."

Payment of the check is resisted by the defendants Shapiro on the ground that they were induced to enter into the contract

First Department, February, 1928.　　　　[Vol. 222

to purchase the premises in question because of alleged misrepresentations. Certain of the alleged misrepresentations either presented questions of fact, or were inconsequential. Hence they need not be specifically considered inasmuch as this is an a peal from a judgment entered on a verdict directed by the court.

An examination of the covenants and party wall agreement referred to in the terms of sale would have disclosed that the owner of the premises was bound to an agreement " that not less than four feet nor more than six feet off the front of each of the lots " should " forever be and remain an open space or court and shall not at any time hereafter be appropriated, or used, or occupied by any edifice, building or wall, nor be in any manner built upon or obstructed otherwise than by the necessary steps for entrance, platforms and pedestals and iron fences or railings connected therewith and enclosing the same and the foundations and copings upon which iron fences or railings may be placed. And that the depth of such open space or court shall be uniform and correspond with the space or court which shall be left before the building or buildings which shall be first erected upon either of such lot or lots provided that such space shall not be less than four feet nor exceed six feet in depth * * *."

In the view we take of this case we may assume, without conceding or holding, that this set back covenant was sufficiently set forth in the terms of sale and that it was not such an unusual or extraordinary restriction, but that it must be deemed to have been fairly within the contemplation of the vendees and sufficiently called to their attention by reference. (*Sohns* v. *Beavis*, 200 N. Y. 268.)

A more serious objection to the title, however, is found in the fact that although not mentioned in the terms of sale, the premises were further restricted with a covenant relating to certain trades or uses which were made nuisances. This covenant prohibited their use for " Any stable, slaughter house, tallow chandlery, smith shop, forge, furnace, brass foundry, nail or other iron foundry or any manufactory for the making of starch, glue, varnish, vitriol, turpentine or ink or for the tanning, dressing, preparing or keeping hides or leather or any distillery, brewery, sugar bakery or any other manufactory, trade, business or calling whatsoever, noxious or offensive to the neighboring inhabitants."

The businesses thus prohibited are not in and of themselves nuisances. They are lawful trades and occupations. Moreover, it does not appear that, with respect to the particular locality where the property is situated, engagement in any such business or trade or occupation is forbidden by any statute or ordinance, with knowledge of which the defendants Shapiro would be charged.

This covenant, therefore, must be deemed an incumbrance under the principle of *Bull* v. *Burton* (227 N. Y. 101, 110).

There is nothing in this record to disclose that such incumbrance had in any way been removed up to the date set for the closing herein, June 22, 1923. Its continued existence must, therefore, be assumed under the well-settled rule that a condition once shown to exist is presumed to continue until the contrary is made to appear.

It is contended by the appellants, however, that as the payment of ten per cent of the purchase price was called for on May 23, 1923, the validity of the check as between the original parties thereto must be considered as of such date and that, therefore, they are entitled to recover on the check herein under the rule of law that if a day be appointed for the payment of money and that day is to arrive before the time when the consideration for the money is to be performed, the performance of the consideration is not a condition precedent to the right to recover.

This principle of law is well established. We may also concede that the check, being a negotiable instrument and a mercantile specialty, was at the time it was given, a distinct contract for the counter promise to convey the premises in question, which was the consideration for the check. It is to be noted, however, that this action on the check was not instituted until after the date set for the performance of the principal contract, June 22, 1923, on which date, under the terms of sale, a deed was required to be tendered to the defendants Shapiro.

The principle of independent obligations is not here applicable. Where, as here, a vendor who is entitled to payment of one or more installments of the purchase price in advance of the date set for the closing, neglects upon default of the vendee, to sue for such installment or installments until after the time set for the delivery of the deed, the obligations, which at first were independent, become dependent and concurrent. This is true even in a case of negotiable instruments. (*Beecher* v. *Conradt*, 13 N. Y. 108; *Rogers* v. *Smith*, 47 id. 324; *Eddy* v. *Davis*, 116 id. 247; *Ewing* v. *Wightman*, 167 id. 107; *Kelso & Co.* v. *Ellis*, 224 id. 528; *Trembath* v. *Berner*, 240 id. 618. See, also, 2 Williston Cont. §§ 840, 887.)

The obligation of the check here sued upon which represented part of the purchase price, became, on the date set in the terms of sale for the closing, a concurrent and dependent obligation, with the bounden duty of the appellants to convey the premises free and clear of the incumbrance against nuisances. This action, therefore, is tantamount to an action brought for the purchase price. This being so, it was incumbent upon the appellants to allege and prove, even though actual tender was waived, that

they were ready, able and willing to perform on the date in question. (*Strasbourger* v. *Leerburger*, 233 N. Y. 55; *Blumenthal & Co.* v. *Gallert & Co.*, 240 id. 217; *DeForest R. T. & T. Co.* v. *Triangle R. S. Co.*, 243 id. 283.) Having failed either to allege or to prove such, the verdict was properly directed in favor of the defendants Shapiro on the action brought to recover on the check.

It follows, therefore, that the judgment should .be affirmed, with costs.

FINCH and MARTIN, JJ., concur; DOWLING, P. J., and McAVOY, J., dissent.

McAVOY, J. (dissenting). Plaintiff sues on a check. It is admitted that it was made and delivered by defendants. Payment was stopped thereon within the hour and the bank refused to honor its order.

The circumstances under which the check was given are as follows: A sale of real estate was held on May 23, 1923; the defendants Shapiro were bidders at the sale and the property was struck down to them for $107,250. They then drew their check on the Columbia Bank for the sum of $10,750, representing ten per cent of the purchase price, plus the usual knockdown fee, and delivered the same to the plaintiff.

The defendants Shapiro alleged that they delivered the check in question relying on certain facts set forth in the terms of the sale, and a certain catalogue, in which the property was described; that such facts were untrue and that the property was not as described in the terms of sale, and did not produce the rental represented therein; that the premises were advertised to be sold free of all incumbrances, while, as a matter of fact, the same were subject to the usual nuisance restriction; and that the premises were illegally used for factory purposes; and that they bid in the same relying solely upon the statements made by the auctioneer, and were thus deceived.

Upon the trial of the action the court directed a verdict for the defendants upon the sole ground that in 1838 the property was restricted against the usual nuisances, and that, as this usual restriction was not mentioned in the terms of sale, the court must conclude no liability could be found against defendants on the check.

I think the court ignored the fact that the action was brought to recover on a check for the payment of money, representing the first installment of the purchase price of property, and not for specific performance, and, therefore, the condition of the title was not an issue.

It is the undoubted rule that the payment of the earnest money, represented by the check, was independent of the covenant to convey free of restrictions, the performance of the first condition being prior in time.

This doctrine arises from the rule of construction that if a day be appointed for the payment of money and that day is to arrive, or may arrive, before the time when the consideration for the money is to be performed, the performance of the consideration is not a condition precedent to the right to recover the money.

Under the terms of sale the purchaser of said premises was to pay ten per cent of the purchase price, the auctioneer's fee of twenty dollars for each lot sold, and Exchange Salesroom fee of five dollars for each knockdown to the auctioneer on day of sale; also the purchaser was to pay the balance of the purchase money on or before the 22d day of June, 1923, when the deed would be ready for delivery. Thus the payment of the deposit constituting ten per cent of the purchase price was in no sense dependent upon the delivery of the deed. The covenants were wholly independent of one another.

" It is a rule of construction that if a day be appointed for the payment of money, and that day is to arrive, or may arrive before the time when the consideration for money is to be performed, the performance of the consideration is not a condition precedent to the right to recover the money." (*Clark* v. *West*, 137 App. Div. 23, 29.)

The only covenant in the terms of sale to be performed at the time that the same was signed was the payment of ten per cent of the purchase price. If later it developed that a good title could not be passed, the defendants then had their remedy at law, but until that time they could not assert a right which had not yet arisen.

" A contract is entire when it appears that one party relies upon the performance by the other party of his promises and divisible when it appears that the reliance was on the promise of the other party and a remedy to recover damages." (*Clark* v. *West, supra.*)

The seller was under no obligation to be in a position to convey title until the time fixed for the conveyance.

The judgment is wrong and should be reversed and judgment directed for plaintiff for $10,750.

DOWLING, P. J., concurs.

Judgment affirmed, with costs.