LOEWER REALTY COMPANY, Appellant, *v.* FRANK PALLADINO, Respondent.

First Department, June 18, 1929.

*John McCormick*, for the appellant.

*Moses S. Adler*, for the respondent.

O'MALLEY, J. Plaintiff sued to recover $2,750, a down payment on the purchase price of premises sold at auction on his behalf to the defendant. By memorandum dated March 30, 1920, the defendant agreed to purchase the property for $27,250, ten per cent of which, plus $25 auctioneer's fees, was to be paid at once, the balance of the purchase price to be paid on or before April 30, 1920, when the deed was to be delivered. Pursuant to such terms defendant delivered his check for $2,750. Payment was stopped, however, the defendant evidently claiming fraud and misrepresentation.

On April 9, 1920, this action was brought. It is based not on the check, but on the written memorandum of sale. The action was defended on the ground of fraud and deceit. The jury resolved the issues in favor of the plaintiff but the learned trial justice set aside the verdict on the ground that no part of the agreed price for the sale of real property may be recovered unless the conveyance is actually made.

It is true that the general rule applicable to contracts of purchase and sale of real property is to the effect that the conditions with respect to payment and conveyance are concurrent and the covenants relating thereto dependent, unless a contrary intention is clearly disclosed. But where, as here, one or more installments of the purchase price are to be paid prior to the date set for the delivery of the deed, such conditions are not concurrent and the covenants respecting them are independent. If a day be appointed for the payment of money and that day is to arrive before the time when the consideration for the money is to be performed, the performance of the consideration is not a condition precedent to the right to recover. It is only at the time set for the delivery of the deed that the conditions become concurrent and the covenants dependent. (*Kennelly, Inc.*, v. *Shapiro*, 222 App. Div. 488, 491; affd., 250 N. Y. 523.) Prior to such time the vendor may sue for each installment as it becomes due and a recovery is not dependent upon a tender of conveyance actually made. (*Beecher* v. *Conradt*, 13 N. Y. 108, 109; *Eddy* v. *Davis*, 116 id. 247, 252.)

In the case last cited it was stated: " Where a contract for the

sale of land provides for partial payments of the purchase money prior to the delivery of the deed, the vendor may sue for such installments when due without tendering a conveyance."

The case of *Ewing* v. *Wightman* (167 N. Y. 107), relied upon by the respondent, is confirmatory of the principle last enunciated. In that case there was no specific date set for conveyance, subsequent to the times provided for payment of installments on the purchase price. The deed was to be delivered " on payment " of the notes representing such purchase price. The covenants there were clearly concurrent, and not independent. The principle of *Beecher* v. *Conradt* (*supra*) and *Eddy* v. *Davis* (*supra*) was recognized and approved.

As this action was instituted before the date set for the delivery of the deed and was brought to recover for an installment of the purchase price expressly payable before such time, the plaintiff was clearly entitled to a recovery upon the favorable verdict of the jury, on the issues of fraud and deceit.

It is to be noted that there is no question here as to future impossibility of performance on the part of the vendor because of irremediable unmarketability of title, or any other such possible defense.

It follows, therefore, that the judgment and order appealed from should be reversed, with costs, and the verdict reinstated.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Judgment and order reversed, with costs, and the verdict reinstated.