Norman F. Lent, J.
This is a motion by plaintiff for summary judgment. The defendant, in his moving papers, makes a cross motion for judgment on the pleadings and for dismissal of the complaint.
The plaintiff and defendant entered into a written contract for the purchase by the defendant of a home to be constructed by the plaintiff for the purchase price of $27,830. At the time of signing the contract defendant paid the sum of $10 and agreed in the contract to pay the further sum of $3,990 within two weeks after the defendant purchaser was approved for a mortgage, and in no event prior to August 15, 1955. The contract further provided, however, that at the option of the purchaser he could pay such sum in two installments of $2,000 on or before August 15, 1955 and the balance of $1,990 on or before September 15,1955. The title was to close on December 15,1955.
The contract further provided that the purchaser was to make immediate application for a mortgage in the minimum amount of $20,000 to run for a period of 25 years from the date of the closing of title and to bear interest at 5%. Such an application was made and later approved on August 23,1955.
On September 1,1955 a letter was sent to the defendant notifying him of the approval and asking for the payment of the $3,990 set forth in the contract. By letter dated September 2, 1955 the defendant wrote to the plaintiff to the effect that the parties had agreed, notwithstanding the written contract, that the mortgage was to be $22,500 instead of $20,000; that since he required that amount and did not obtain a mortgage to take care of his requirements, that he would not consummate the deal, and asked for a return of his deposit. The plaintiff then instituted an action to recover the installment or installments totalling $3,990 mentioned above.
Plaintiff now sues for the installment (or installments) of $3,990 due under the contract. While the consideration of its right to sue generally under such a contract might well be rendered academic by a clause peculiar to this contract, the court deems it both fair and wise to discuss the matter at length so that the parties might have a complete concept of its views should an appeal be taken. This becomes particularly necessary when one considers that the plaintiff’s attorney in a voluminous argument failed to cite one case.
This contract is somewhat of a hybrid since it partakes of some of the features of both a land installment contract for the *429 sale of real property and that of the usual executory contract for such sale. Unlike the usual land installment contract the purchaser was not in possession while installment payments were being made. Unlike the ordinary executory contract for the sale of realty which normally contemplates a single down payment on the contract date and then a concurrent conveyance of title and payment of the balance of the purchase price, this contract called for a down payment, a further payment or payments, totalling $3,990, the lapse of approximately 90 days thereafter and then conveyance of title. The label given this contract is unimportant. In assaying the rights of the parties, it is necessary to construe the contract from the standpoint of whether the covenant to pay the second installment of $3,990 (or the two optional installments totalling such figure) and the covenant to deliver title are dependent upon or independent of each other. The general rule is to consider all covenants dependent, in the absence of a contrary intention. The contrary intention of the parties to this agreement is set forth in language so clear that to hold that these were other than independent covenants would do violence to the obvious intention of the parties. The dependence or independence of covenants is largely determined by the order in which they are required to be performed (Grant v. Johnson, 5 N. Y. 247; Paine v. Brown, 37 N. Y. 228; De Kay v. Bliss, 120 N. Y. 91, 97; Eastern Oregon Land Co. v. Moody, 198 F. 7). Here the date for conveyance of title was to be approximately 90 days after the payment of the installment sued for. Payment of the installment or alternative two installments totalling the same amount was intended by the parties as a condition precedent to the obligation to convey. In short, the two covenants, the one to pay and the other to convey, were independent of each other.
Upon a purchaser’s default in the payment of installments in a contract where the promise to pay such installment and the promise to convey are not mutually dependent on each other, the vendor may either affirm or disaffirm the contract. (Smyth v. Sturges, 108 N. Y. 495, 503; Emigrant Ind. Sav. Bank v. Willow Builders, 290 N. Y. 133, 144; Matter of De Stuers, 199 Misc. 777, 780.) If he elects to terminate the contract, his is the staple remedy for breach, i.e., the damages being the difference between the contract price and the market value of the property at the time of breach, less any portion of the purchase price paid (Hayden v. Pinchot, 172 App. Div. 102). The possible remedy of rescission need not be considered here.
The vendor, by the very nature of his action, has affirmed the contract between the parties. When a vendor chooses to compel the continued performance of the contract by a defaulting pur *430 chaser, he may bring either of the following actions: (1) suit for installments prior to the “ law date ” (2) specific performance of the contract (3) foreclosure of the vendor’s lien given by the contract (for an excellent discussion of these remedies and the general problem, see study made by the New York State Law Bevision Commission, 1937, reported in the annual report for that year at page 355, et seq.). In the case at bar, the plaintiff has elected to sue for the installment due. Inasmuch as the purchaser’s time to perform the covenant to pay the installment was to happen before the time for the performance of the covenant to convey, it was not dependent on the latter {supra), and the vendor, at the time of the commencement of this action, did not need to tender a valid title nor need it prove upon a trial that it had valid title (Paine v. Brown, supra; Loewer Realty Co. v. Palladino, 226 App. Div. 391; Eddy v. Davis, 116 N. Y. 247, 252; Kennelly, Inc., v. Shapiro, 222 App. Div. 488, affd. 250 N. Y. 523; Palmer v. Golden, 221 App. Div. 360, 364).
In short, if there were a valid and subsisting contract between the parties when this suit was commenced (Oct., 1955) the plaintiff could recover as prayed for.
The defendant, however, has interposed three affirmative defenses to this suit. The first and third are clearly without merit and do not warrant discussion. The second is more compelling. The contract sued upon contains the following provision: “ Upon the purchaser’s failure to take title as herein provided * * * the contract shall be deemed cancelled without further notice on the part of the seller and the amount paid hereunder shall belong to the seller as liquidated damages.” The defendant claims that under this clause plaintiff is entitled only to the sum of $10. In support, he cites the decision of our former colleague, Mr. Justice Christ, in Deborah Homes v. Firestone (135 N. Y. S. 2d 289, 291) in which the court, construing a clause identical in language with the one in the instant case, dismissed a complaint for specific performance stating: “ It is the court’s conclusion that the quoted clause is unambiguous and that it clearly expresses an intention that upon the purchasers’ failure to take title, the contract is to be deemed cancelled and the money theretofore paid is to belong to the seller as liquidated damages. The precise event intended to be covered by the quoted clause has happened and, as the contract provides, the agreement of the parties has been terminated. The remedy of specific performance necessarily is based upon the theory that there is a contract extant which a court decree may direct to be performed. When, as in this case, the parties have stated in clear language that upon the happening of a certain *431 event their contract is to be deemed cancelled and thereafter the event which they had in mind occurs, any claim for specific performance is inconsistent with the cancellation provisions of the contract. * * * The court holds therefore that the inclusion in the contract of the clause quoted above operates to bar the plaintiff from maintaining an action for specific performance.”
Plaintiff maintains that since this is an action at law and not one for specific performance there exists a distinction. This court sees none. While this suit is not denominated by plaintiff as an action for specific performance, it is nonetheless an announcement by the vendor that it affirms the contract and seeks to compel its continued performance by the purchaser. Even though the vendor need not tender nor prove title as a condition precedent to the action, the purchaser, if such a defense were available to him, could defeat any such action by a vendor by a showing that the title was incurably defective (Loewer Realty Co. v. Palladino, supra) or that the vendor had since the execution of the contract prospectively disabled himself from meeting his obligation to convey (James v. Burchell, 82 N. Y. 108).
The court concludes that by the operation of the provision contained in its own form contract, the contract is no longer extant and any suit by plaintiff, predicated upon it, must fall. Moreover, this court should not attempt to be wiser than the parties and rewrite their contract. The disproportion between $10 and the plaintiff’s actual loss may be great but it is not enough to induce the court to ignore the agreement prepared by plaintiff in which it fixed, however improvidently, its own estimate of damages (Sun Print. & Pub. Assn. v. Moore, 183 U. S. 642; Clement v. Cash, 21 N. Y. 253; Callanan Road Improvement Co. v. Colonial Sand & Stone Co., 190 Misc. 418).
The motion for summary judgment is accordingly denied and defendant is granted judgment on the pleadings dismissing the complaint. Submit order.