Jack Stanislaw, J.
Plaintiff contractually agreed to build a house for defendants. When the dwelling was ostensibly finished defendants were advised of a closing date. They refused to take title, stating that construction was defective and therefore plaintiff in breach of the contract. At any rate, no transfer of title was ever made, although plaintiff made tender of its deed.
A motion has been made by the defendants to dismiss the complaint for failure to state a cause of action. Defendants claim that the action brought by plaintiff for specific performance of the contract of sale is obviated by paragraph “ 15 ” of the contract, which provides: “ Upon the Purchaser’s failure to take title as herein provided, or in the event of an unauthorized possession in violation of the terms hereof, this contract shall be automatically cancelled without further notice on the part of the Seller and the amount paid hereunder shall belong to the Seller as liquidated damages and/or the Seller may bring such legal proceedings as will enforce its right hereunder.” This sentence, it is contended, is in limitation of the vendor’s remedies, thereby nullifying the instant action.
*742 Plaintiff reads that same paragraph “ 15 ” as indicating only one of several remedies available to it on defendant’s default. The £ £ and/or ’ ’ availability of legal proceedings is taken as leaving the door open to plaintiff to pursue such other possibilities of remedial action as it has done here, rather than as relating only to proceedings in support of the particular remedy spelled out.
Obviously the resolution of this matter is dependent upon the meaning ascribed to the paragraph quoted. Plaintiff either has a right to its cause of action or is limited by the contract. We need not reach issues involving the general availability of specific performance to vendors, plaintiff’s possibly exceptional damages, or the existence of a mortgage for defendants ’ assumption, unless plaintiff is first in a position to exercise an option so as to reach these questions.
Eegardless of the factors alleged by plaintiff as peculiar to this situation, the contract itself prevents their becoming operative. The first thing that paragraph “15” does, upon a vendee’s failure to take title, is to declare the contract “ automatically cancelled”. There is nothing to indicate that cancellation is somehow subject to a condition permitting pursuit of alternative remedies until made effective. Logically then, plaintiff cannot obtain the relief it seeks here, because it would have to be based upon an extant agreement, and not one which by its terms has already been automatically cancelled. Having contractually agreed to limit its remedy in just such an instance as this, the vendor cannot now avoid that agreement, or accept it and yet press for alternative relief. The clause is unambiguous (Deborah Homes v. Firestone, 135 N. Y. S. 2d 289), despite the inclusion of the phrase preceded by the words “ and/or ”. (See, also, Polo Field Park v. Chartock, 3 Misc 2d 427; Fishman v. Bricker, 211 N. Y. S. 2d 620.)
Plaintiff’s arguments, addressed to the effect of the last phrase of paragraph “ 15 ” upon the rest of it, and projections by both parties of its application or necessity, are beside the point. We do not find it necessary to establish its actual, substantive force in a given situation because of the clear intent we find in the clause taken in its entirety.
The motion is granted and the complaint dismissed. The cross motion to consolidate is thus rendered moot, and is denied. Parenthetically, the remaining action of defendants to recover their down payment and payments for extras would appear to be amenable to comparable summary disposition upon proper application.