HENRY RUBINSTEIN, Appellant, v. LEO RUBINSTEIN, Respondent.—

Concur — Steuer, Capozzoli and McGivern, JJ.; Eager, J., concurs in a concurring memorandum and Stevens, J. P., and Steuer, J., dissent and vote to reverse in a memorandum by Stevens, J. Eager, J. (concurring) : I concur in an affirmance of the order solely upon the ground that the provision in the instrument for the forfeiture of the deposit of $5,000 as liquidated damages was intended to limit the responsibility of a party where he " default[s] or refuse[s] to consummate this transaction ". By their agreement, the parties fixed said sum to cover all damages which might be sustained upon a failure or refusal to perform the agreement. Therefore, the payment thereof should end further responsibility on the part of the defaulting party. Of course, one cannot collect damages in full for a breach of contract from a defaulting party and also enforce the obligations of the contract. If I were not satisfied that the agreement should be construed as a matter of law to preclude the granting of specific performance, I would remand for a trial for a determination of the intent of the parties and a determination of whether, under all the circumstances, the granting of such remedy would represent an unconscionable action by a court of equity. Stevens, J. P. (dissenting) : I dissent, vote to reverse and grant plaintiff's cross motion for summary judgment decreeing specific performance. Plaintiff and defendant, distant relatives, owned certain properties in equal shares. Because of various differences they decided to separate. July 20, 1965, while each was represented by counsel, they entered into a written agreement by the terms of which plaintiff was given the option of taking one of two stores (the Premium or the Kips Bay Store) each of which, by agreement, had the same value. Defendant was to take the other store. Paragraph 8 of the Agreement provided: " Each of the parties hereto shall simultaneously herewith deposit with his respective attorney, the sum of $5,000.00 by check subject to collection, the proceeds of which are to be held in escrow by each respective attorney, to be applied towards the payment that each of the parties may have to make to the other party upon the closing of the above transaction. The surplus, if any, shall be returned to the respective parties after determination of the final adjustments at the time of the closing. In the event that either of the parties hereto shall default or refuse to consummate this transaction, then the aforesaid $5,000.00 deposited by such defaulting party shall be forfeited as liquidated damages and such sum shall be paid by the escrowee thereof to the other party." Plaintiff elected to take over the Kips Bay store and on July 21, 1965, notified defendant, in writing, of his election. Defendant refused to execute the papers necessary to consummate the transaction, and on October 12, 1965, plaintiff commenced this action for specific performance of the agreement. Defendant's verified answer, in addition to denials, contained a counterclaim for specific performance requesting that plaintiff be required to transfer to defendant the

shares owned by plaintiff in Premium Food Shop, Inc. Subsequently, following a change of attorneys, defendant on or about September 6, 1966, moved to dismiss the complaint on the grounds that the complaint failed to state a cause of action in equity, that the court does not have equitable jurisdiction, and to remove the action from the Equity to the Law Calendar. The essence of defendant's argument is that the $5,000 escrow provision represented liquidated damages and no other relief is available to plaintiff. Accordingly, plaintiff has an adequate remedy at law. Plaintiff cross-moved for summary judgment contending, in part, that the affirmative defense, as a counterclaim, seeks the same relief as the complaint and is without merit. Special Term denied defendant's motion and granted plaintiff's cross motion to the extent of awarding plaintiff damages in the sum of $5,000. Plaintiff appealed from the order entered thereon. The basic question is, does the quoted paragraph in the July 20, 1965 agreement represent the sole and exclusive remedy which may be afforded plaintiff in the event of a default as occurred here. As a general proposition such a provision is usually stated to be the sole and exclusive remedy and is so considered by the courts (cf. *Hasbrouck* v. *Van Winkle,* 261 App. Div. 679; *T.S.E. Bldg. Corp.* v. *Andreiev,* 49 Misc 2d 741). Words of exclusivity or limitation are notably absent here. The fact that defendant counterclaimed for specific performance indicates that he also did not consider the clause as barring specific performance. Under the agreement it is clear the parties were to do whatever was necessary to transfer a valid title each to the other. There was a mutuality of obligation. The acts of the parties in each seeking specific performance, and the omission of language indicative of an intention that damages of $5,000 be the exclusive remedy, shows both the understanding and the intention of the parties affirmatively that specific performance was not excluded by the language of the agreement (see, *Diamond Match Co.* v. *Roeber,* 106 N. Y. 473, 486). "Payment of damages for a breach of contract constitutes satisfaction for the injury caused by the breach. * * * Only where the remedy is inadequate may the equitable remedy of specific performance be invoked" (*Wirth & Hamid Fair Booking* v. *Wirth,* 265 N. Y. 214, 222). On this record there is a sufficient showing that monetary damages in the sum of $5,000 would not furnish a complete remedy and the parties so recognized that as a fact. Specific performance would not here be "inconsistent with the express terms of the contract" (see, 55 N. Y. Jur., Specific Performance, § 11) and the relief sought should be granted to plaintiff.